J. J. ROBERTS ET AL., ADMINISTRATORS, Respondents, v.
STATE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, May 3, 1887.

1. PLEADINGS—JURISDICTION—MERITS—WAIVER.—A plea to the jur-
isdiction is not waived by a plea to the merits contained in the
same answer, but the defendant is entitled to have them both
tried.

2. ——— PRACTICE—LEAVE TO AMEND.—The taking by the defendant
of leave to file an amended answer is equivalent to a withdrawal
of his answer, and leaves the case as if no answer had been filed.

3. CORPORATIONS, MAY BE SUED, WHERE.—A corporation can not be
sued, against its consent, in a county where the cause of action did
not accrue and where it has no agent.

4. INSURANCE—CONTRACT OF—FALSE REPRESENTATIONS.—False state-
ments made in an application for fire insurance, which is made a
part of the policy, are warranties and will bar a recovery.

5. ——— AGENCY—ESTOPPEL.—If the insurer's agent, with knowl-
edge of the facts, fills an application for insurance with an erro-
neous statement as to the title to the property insured, this estops
the insurer from showing that the statement was untrue.

APPEAL from the Howell County Circuit Court, J.
R. WOODSIDE, Judge.

*Reversed and dismissed.*

GOODE & CRAVENS, for the appellant: "Suits
against corporations shall be commenced either in the
county where the cause of action accrued, or in any
county where such corporations shall have, or usually
keep, an office or agent for the transaction of their usual
and customary business." Rev. Stat., sect. 750; *Mikel
v. Railroad*, 54 Mo. 145; *Peery v. Harper*, 42 Mo. 131.
Besides, neither party resided in Howell county, which
would be fatal to the jurisdiction of the court which
tried the case. *Brackett v. Brackett*, 61 Mo. 221; *Hem-*

*bree v. Campbell*, 8 Mo. 572; *Peery v. Harper*, 42 Mo. 131. The objection was properly raised by the answer, and could not be waived. *Peery v. Harper*, 42 Mo. 131; *Smith v. Simpson*, 80 Mo. 639. It is proper to raise the issue of want of jurisdiction of a cause by answer. *Hembree v. Campbell*, 8 Mo. 572; *Stone v. Corbett*, 10 Mo. 350. The representations in this case were warranties. *Loehner v. Ins. Co.*, 17 Mo. 249.

LIVINGSTON & PITTS, and L. B. WOODSIDE, for the respondents: The appearance of the defendant, by a plea to the merits, is universally held to be a waiver of jurisdiction over the person. *Peter v. Railroad*, 59 Mo. 406; *Hembree v. Campbell*, 8 Mo. 572. The filing of the defendant's original answer, pleading therein solely to the merits, was a waiver of objections to the jurisdiction of the court. *Rippstein v. Ins. Co.*, 57 Mo. 87. If the representation as to title is substantially true, and the liens, or rights, of the insurer are not affected, the policy will be upheld, notwithstanding the representation is not strictly and formally accurate. *Allen v. Ins. Co.*, 5 Gray, 384. The appellant put its refusal to pay loss on different and distinct grounds. This waives the necessity of preliminary proof. Flanders on Insurance, sect. 23, p. 593; *McComas v. Life Ins. Co.*, 56 Mo. 575. The insurance company is estopped from setting up defective proofs in this case. Flanders on Insurance, sect. 25, p. 598. This suit was commenced in the circuit court, which is a court of general jurisdiction, and every presumption is in favor of the jurisdiction of the court; and this court should, therefore, presume, with no evidence to the contrary, that the defendant did have, or had usually kept, an office or agent in Howell county, for the transaction of its usual or customary business. *Shell v. Leland*, 45 Mo. 290; *Gibson v. Vaughn*, 61 Mo. 418. In courts of inferior jurisdiction the rule is otherwise. *Hansberger v. Railroad*, 43 Mo. 196; *McCloon v. Beattie*, 46 Mo. 391.

THOMPSON, J., delivered the opinion of the court.

This is an action upon a policy of fire insurance. The answer contains : (1) A general denial. (2) A plea to the jurisdiction. (3) A special defence, alleging false answers to questions in the application for the policy, touching the ownership of the property and incumbrances upon it. (4) An allegation that the plaintiffs had failed to furnish proofs of loss, as required by the terms of the policy. A replication put these special matters in issue. There was a trial before the court, sitting as a jury, and a verdict and judgment for the plaintiffs, from which the defendant appeals.

I. So much of the answer as challenged the jurisdiction of the court was predicated upon the ground, that the plaintiffs were residents of Texas county, Missouri, and that the defendant was a resident of the state of Iowa. This defence was not, as the plaintiffs contend, waived by pleading to the merits. Under the more recent decisions in this state, overruling former ones, such a defence may be set up in the answer, although the same answer, in separate counts, pleads to the merits. *Little v. Harrington*, 71 Mo. 390 ; *Byler v. Jones*, 79 Mo. 261. This part of the answer was put in issue by the reply, in so far as it was not admitted by the allegations of the petition. The petition stated that the defendant was a foreign corporation, created under the laws of the state of Iowa. The summons was served upon an agent of the defendant in the city of St. Louis. It conclusively appeared, from the evidence, that the cause of action accrued in Texas county. There was no evidence that the defendant had an office or agent for the transaction of its usual and customary business in Howell county, the county to which the summons was made returnable, and in which the case was tried, nor was there any direct evidence to the contrary. It must be presumed, however, that the defendant had no such office or agent in Howell county, from the fact that the

summons was sent to the city of St. Louis for service. The statute ( Rev. Stat., sect. 750 ) provides : "Suits against corporations shall be commenced, either in the county where the cause of action accrued, or in any county where such corporations shall have, or usually keep, an office or agent for the transaction of their usual and customary business." Under this statute it has been held that suits may be brought either in the one county or the other, at the option of the plaintiff. *Mikel v. Railroad,* 54 Mo. 145. So, here, the plaintiffs had their option to sue, either in Texas county, where the cause of action accrued, or in the city of St. Louis, where the defendant, it seems, usually kept an office or agent for the transaction of its usual and customary business ; but they could not select any other county in the state, where the defendant did not keep such an office and compel the defendant, no matter at what expense, inconvenience, or prejudice, to litigate with them there. We are, therefore, of opinion that, upon these facts appearing, the court should have sustained the defendant's motion to dismiss the cause for want of jurisdiction ; but, as the action may be renewed, we deem it proper to state our impressions upon the merits as they were presented at this trial.

II.   The first special defence was supported by uncontradicted evidence, and, if good in point of law, ends the case in favor of the defendant.  This paragraph in the answer alleged, and the evidence proved, that the application for the insurance, in pursuance of which the policy was issued, was signed "J. P. Roberts & Company, applicant;" that J. P. Roberts & Company were a partnership firm, composed of J. P. Roberts and C. C. Roberts; that the subject of the insurance was a store house, the value of which was stated to be fifteen hundred dollars, upon which the amount of the insurance was to be one thousand dollars. The following questions and answers occur in this application : "*Question :*  Are you the sole and undisputed owner of the

property to be insured?" "*Answer*, Yes." "*Question*: Is it incumbered; if so, to what amount; and is the incumbrance insured?" "*Answer*, Nothing." The evidence showed that the legal title to the lot on which the building stood was neither in J. P. Roberts nor in C. C. Roberts, but that it was in L. G. Nichols; that J. P. Roberts had purchased it of Nichols, prior to the making of the application for the policy, agreeing to pay one hundred dollars for it; that he had paid twenty-five dollars at the time of the purchase, and ten dollars more on the twelfth of June following; that, at the date of the policy, and, also, at the time of the preliminary statement touching the loss, he owed Nichols sixty-five dollars of the purchase money; and that Nichols had given him the following receipt for the portions of the purchase money so paid:

"Cabool, Mo., June 12, 1884.

"Received of John P. Roberts, at one time, twenty-five dollars, and at this date ten dollars, being in all, up to date, thirty-five dollars, as part payment of a lot sold to John P. Roberts in the town of Cabool, Texas county, Missouri.            L. G. Nichols."

In this preliminary statement as to the loss, which was made by J. P. Roberts, C. C. Roberts being dead, the following questions and answers occur: "*Question*: Was the property incumbered by mortgage, judgment, mechanic's lien, or in any other way, when you made the application for insurance?" "*Answer*, The only incumbrance on said lot was a vendor's lien for balance of purchase money, sixty-five dollars." By the terms of the policy, "if the insured, in a written or verbal application for insurance, make any false or erroneous representations, or neglect to make known any fact material to the risk, * * * or if the interest of the insured is not one of absolute ownership, and the nature of the ownership is not clearly defined in writing hereon; or if the same, or any part thereof, is incum-

bered by mortgages, liens, contracts of sale, or otherwise, \* \* \* or any existing incumbrance at time of making application is not set forth in the application, \* \* \* then, and in every such case, this policy shall be void."

One of two conclusions seems inevitable. Either that the insured persons were not the "sole and undisputed owners" of the insured property, or else that there was an incumbrance upon it. One of them, J. P. Roberts, had made what appears to have been a parol contract of purchase, had paid part of the purchase money, had taken a memorandum receipt therefor, and had entered into possession. He could, upon paying the balance of the purchase money, maintain an action against his vendor to compel the delivery of a deed. But the lien of the vendor still existed. The remainder of the purchase money was due and payable on demand, as shown by the testimony, since no future date was fixed for its payment; and nothing could prevent Nichols, upon demand and refusal of the balance of the purchase money, from maintaining ejectment against the plaintiffs. In such an action they could not, successfully, set up the contract of purchase of J. P. Roberts as an equitable defence, for J. P. Roberts had not complied with its terms. In other words, until the payment of the balance of the purchase money, J. P. Roberts did not even have a complete *equitable* title to the property. We do not think it necessary to argue the question that, in order "to be the sole and undisputed owner" of property, a person must have either a complete legal, or a complete equitable, title. These partners had neither. But if we could regard J. P. Roberts as being the "sole and undisputed owner" of the lot of ground, then his title would be incumbered by the lien of his vendor for the unpaid purchase money, which would make the answer, "nothing," to the question, "is it incumbered," a false answer. If we further consider the clause of the policy which makes it void

"if the interest of the insured is not one of absolute ownership," the result is equally clear, because it will not be contended that the interest of one who holds under an unexecuted, verbal contract of purchase is an interest of absolute ownership. The answers to these questions, under our decisions, rendered the policy void. *Loehner v. Insurance Co.*, 17 Mo. 247; *Koontz v. Insurance Co.*, 42 Mo. 126; *American Insurance Co. v. Barnett*, 73 Mo. 364; *Mers v. Insurance Co.*, 68 Mo. 127, 131.

It thus appears, from the undisputed facts, that the court had no jurisdiction of the present action, and that there can be no recovery upon this policy.

The judgment of the circuit court will be reversed, and judgment will be entered here, dismissing the cause for want of jurisdiction. It is so ordered. . Judge Rombauer concurs. Judge Lewis is absent.

Thompson, J., delivered the opinion of the court on motion for re-hearing.

I. Upon the question of jurisdiction, we take the view, that when leave was taken to file the amended answer, the original answer was necessarily withdrawn, and the case stood as though no original answer had been filed. The defendant was, therefore, at liberty to set up, in his amended answer, any defence which he might have set up in an original answer.

II. The observations made, in our former opinion, upon the merits, seem to require the qualification, in order to prevent the possibility of their being used to the prejudice of the plaintiff, in the event of his bringing another action, that we recognize the principle that, where the agent of the insurance company, who solicits the insurance, is fully informed concerning the state of the title, but, nevertheless, fills out the application with an erroneous statement of the title—the insurance company is estopped by this act of its agent, and precluded from showing that the statements were untrue.

*Breckinridge v. Insurance Co.*, 87 Mo. 62; *Thomas v. Insurance Co.*, 20 Mo. App. 151.

The motion for re-hearing has been supported by an able printed argument, but we think that no further observations are required upon it than the above. With the concurrence of Judge Rombauer, it is accordingly overruled, Judge Lewis being absent.