# INGWERSON v. CHICAGO & ALTON RAILWAY COMPANY, Appellant.

### Division Two, July 1, 1907.

1. **PLEADING: Amendment.** When an amended petition is filed it operates as a withdrawal or abandonment of the original petition.

2. **———: ———: New Cause: Negligence: Breach of Contract.** In his original petition against a railroad for damages for delay in shipping cattle, plaintiff alleged defendant owed him the duty to carry the cattle "within a reasonable time" and negligently failed to do so. This charge was omitted from the amended petition and in lieu thereof a special contract was alleged for a special or fast train which, according to the alleged contract, was to leave the place of shipment before seven o'clock one morning and arrive in Chicago before seven o'clock of the next morning, and a breach of that contract, and consequent damages. At the trial plaintiff's counsel stated they stood solely upon that oral contract. It was not proved and the court so instructed the jury, but refused to instruct them to find for defendant, but did instruct them that it was defendant's duty to carry the cattle "within a reasonable time and without unnecessary delay," and that if it failed to do so their verdict should be for plaintiff. *Held*, error. The amended petition stated a new and different cause of action, plaintiff had abandoned his original petition, and to permit him to recover on the theory mentioned in the instruction given would be to permit him to sue upon one cause of action and recover upon another. Whether the action is in form *ex contractu* or *ex delicto*, if the cause of action as set forth in the petition originated in a contract, the contract must be proved as laid.

3. **———: ———: ———: ———: ———: Answer: Waiver.** Where the cause was tried upon the original petition, which in legal contemplation was abandoned by the filing of an amended petition, the filing of an answer to the amended petition was no waiver by defendant of its right to insist that plaintiff totally failed to prove the cause of action stated. It is not a question of variance, but of a total failure of proof.

Appeal from Pike Circuit Court.—*Hon. David H. Eby, Judge.*

REVERSED AND REMANDED.

*W. O. Gray* and *Scarritt, Scarritt & Jones* for appellant.

(1) The demurrer to plaintiff's evidence should have been sustained. Where an amended petition is filed the original is abandoned. Hawkins v. Massie, 62 Mo. 552; Ross v. Cleveland, 162 Mo. 317; Bobb v. Bobb, 89 Mo. 411; Hubbard v. Quisenberry, 32 Mo. App. 472; Roberts v. Ins. Co., 26 Mo. App. 92; United States v. Gentry, 119 Fed. 70. It is well established that plaintiff cannot sue upon one cause of action and recover upon another. Huston v. Tyler, 140 Mo. 264; Clements v. Yeates, 69 Mo. 623; Ray v. Bowles, 83 Mo. 170; Crawford v. Spencer, 36 Mo. App. 78; Mann v. Birchard, 40 Vt. 326. This is not a case of variance as described in section 655, Revised Statutes 1899, but a total failure of proof, as described in section 798, Revised Statutes 1899. Whipple v. B. & L. Assn., 55 Mo. App. 558. (2) In the second place, we submit that defendant's peremptory instruction at the end of all the evidence should have been given for the reason that it appears from the evidence, without question or contradiction, that the delay in the carriage of this shipment was brought about solely by an unusually severe snow and windstorm and cold wave which interrupted the company's telegraph wires and otherwise unavoidably impeded the progress of this and all other trains on defendant's line and also on other lines in the section of the country in question.

*Dempsey & McGinnis* and *Tapley & Fitzgerald* for respondent.

(1) Appellant in pleading over waived defects in respondent's petition, if any. State ex rel. v. Bank, 160 Mo. 640; Grymes v. Mill & Lumber Co., 111 Mo. App. 362. (2) If respondent's amended petition was defective it was aided by appellant's answer wherein it is alleged that there was no unusual, unnecessary

or unreasonable delay, etc.  Allen v. Chouteau, 102
Mo. 309; Price v. P. & F. H. Protective Co., 77 Mo.
App. 241; Hughs v. Carson, 90 Mo. 399; Beckman v.
Ins. Co., 49 Mo. App. 604; Henry v. Sneed, 99 Mo.
407; Rickets v. Hart, 150 Mo. 64; Fisher v. Central
Lead Co., 156 Mo. 485.  Moreover, respondent's in-
struction 3 complained of was proper under issues
made by appellant.  Leonard v. Railroad, 54 Mo. App.
293, wherein the provision in appellant's alleged con-
tracts fixing twelve hours over schedule time is con-
strued.  (3)  Actions upon verbal contract or *ex delicto*
against carriers with answer alleging special written
contract sanctioned in this State.  Hance v. Railroad,
56 Mo. App. 476; Browning v. Railroad, 90 Mo. App.
329; Paddock v. Railroad, 60 Mo. App. 328; Vaughan
v. Railroad, 62 Mo. App. 461; Ward v. Railroad, 158
Mo. 226; Kellerman v. Railroad, 136 Mo. 177; Phoenix
Powder Mfg. Co. v. Railroad, 196 Mo. 663; Wilson and
Aull v. Railroad, 66 Mo. App. 388; Stoop v. Railroad,
117 Mo. App. 204; Ficklin v. Railroad, 117 Mo. App.
211.  (4)  Respondent could recover on verbal con-
tract.  Fountain v. Railroad, 114 Mo. App. 676; Gamm
v. Railroad, 72 Mo. App. 34; Harrison v. Railroad, 74
Mo. 364.  (5)  Respondent sued for and recovered
damages on account of appellant's failure to deliver
cattle in time for market.  There was not a failure of
proof.  R. S. 1899, sec. 798.  If a variance, appellant's
remedy was under section 655 of said statutes.  Smith
v. Fordyce, 190 Mo. 19; Bamson v. Lakeman, 189 Mo.
599.  (6)  The storms and cold wave were not ex-
traordinary but such as appellant had to provide
against.  Pinkerton v. Railroad, 117 Mo. App. 288;
Gowling v. American Express Co., 102 Mo. App. 375;
Davis v. Railroad, 89 Mo. 350.

BURGESS, J.—This is an action by plaintiff
against defendant, a common carrier, for damages in
the sum of $840.58, alleged to have been occasioned

by delay in the shipment of eighty-four cattle from Bowling Green, Missouri, to Chicago, Illinois, on January 26, 1904. The suit was begun in the circuit court of Pike county, Missouri, May 11, 1904.

In the original petition it was alleged that said cattle were delivered to defendant company on January 26, 1904, and defendant thereupon assumed, and it thereby became defendant's duty as a common carrier, to transfer said cattle to Chicago within a reasonable time; but that defendant "so carelessly and negligently conducted itself in the premises as that it failed and neglected to complete said carriage in a reasonable time," to plaintiff's damage, etc.

Thereafter, during the June, 1904, term of said circuit court, plaintiff abandoned the charge of its original petition and filed in this cause an amended petition wherein it is alleged "that on the twenty-sixth day of January, A. D. 1904, the defendant entered into a contract with the plaintiff under and by virtue of which, in consideration of certain freight charges to be paid, the defendant promised and agreed to carry from the city of Bowling Green, in Pike county, Missouri, by special or fast train, eighty-four cattle, making five car loads, belonging to the plaintiff, to the city of Chicago, in the State of Illinois, and deliver the same in good condition at the Union Stock Yards in the said city of Chicago, on or before seven o'clock of the morning of the twenty-seventh day of January, 1904. . . . But the defendant failed and neglected to begin said carriage at said hour, . . . and in violation of the terms of its said contract the defendant failed and neglected to carry to and deliver said cattle at their said destination on or before said hour of seven in the morning of said twenty-seventh day of January, 1904," to plaintiff's damage, etc.

Thereupon defendant filed its motion to strike out said amended petition, "for the reason that the same is a departure from and states a wholly new

and different cause of action from the original petition herein,'' which motion was overruled by the court, and issue was joined on said amended petition, and the cause was tried upon the issue so made upon the amended petition.

At the beginning of the introduction of testimony in the case counsel for plaintiff stated to the court that they stood solely upon the parol contract alleged in the amended petition, to-wit, a contract for a special and fast train to be started from Bowling Green not later than seven o'clock on January 26 and to reach Chicago not later than seven o'clock on the morning of January 27. At the end of all the evidence the trial court, at the request of the defendant, instructed the jury that plaintiff had wholly failed to prove the verbal contract alleged in the amended petition and defendant thereupon requested the court to peremptorily instruct the jury that they should find for defendant upon the pleadings and the proof, which instruction the court refused to give. Thereupon the court, at the request of plaintiff, instructed the jury that it was defendant's duty to carry said cattle "within a reasonable time and without unnecessary delay" and that if defendant failed to do so they should find for the plaintiff, although no such charge or issue was made in plaintiff's amended petition. The sole issue made by the amended petition, namely a breach of a special contract, was wholly ignored.

At the trial it developed from the testimony that substantially all the delay to the train in question occurred before it reached Bowling Green, and the undisputed proof is that the sole cause of such delay was an unusually severe snowstorm and cold wave which swept over that part of the country the night of January 25, and broke down or grounded the telegraph wires, disabled engines and generally impeded the progress of all trains on this and all other lines of

railroad. The evidence shows that from Bowling Green to Chicago the train carrying the plaintiff's cattle made almost schedule time, although considerably handicapped by trouble with the telegraph wires and other difficulties arising from the extreme cold.

In its answer defendant set up a written contract of shipment made with plaintiff for the transportation of these cattle wherein was contained several complete defenses to this suit. By instructions requested defendant again insisted upon said provisions of the shipping contracts which were set up in the answer and introduced in the evidence, but its instructions were overruled and said contracts were ignored by the trial court. Again, in its motion for a new trial, defendant called to the attention of the learned trial court its shipping contracts and its defenses thereunder, and thereby called in question the Federal statute known as the Interstate Commerce Act, and defendant also asserted that by ignoring and nullifying its said contracts of shipment the trial court denied defendant the right to contract, and therefore the equal protection of the law, and also thereby arbitrarily deprived defendant of its property rights in such contracts in violation of both the Federal and State Constitutions.

Under the instructions of the court the jury rendered a verdict against defendant for three hundred and twenty-five dollars, upon which verdict judgment was entered against defendant, and after unsuccessfully moving for a new trial, defendant has appealed to this court from that judgment.

Both constitutional and Federal questions are properly raised in this case, so that this appeal was properly allowed to this court.

In the original petition filed herein plaintiff alleged that defendant owed him the duty to carry the cattle in question from Bowling Green, Missouri, to

Chicago, "within a reasonable time," and that said common carrier "so carelessly and negligently conducted itself in the premises as that it failed and neglected to complete said carriage in a reasonble time." This charge was omitted from the amended petition upon which the case was tried, and in lieu therof a special contract was alleged for a special or fast train which, according to the alleged contract, was to leave Bowling Green before seven o'clock on the morning of January 26, and was to arrive in Chicago before seven o'clock on the morning of January 27; and plaintiff charged that "in the violation of the terms of its said contract defendant failed and neglected to carry to and deliver said cattle at their said destination on or before said hour of seven o'clock in the morning of said twenty-seventh day of January, 1904, to his damage in the sum of eight hundred and forty and fifty-eight one-hundredths dollars."

It thus appears that the cause of action alleged in the original petition was for the violation of an alleged verbal contract by which defendant was to deliver said cattle in Chicago within a reasonable time, but that it so carelessly and negligently conducted itself in the premises as that it failed and neglected to complete said carriage in a reasonable time, while the amended petition is predicated upon an alleged special contract for a "special or fast train" which was to leave Bowling Green before seven o'clock on the morning of January 26, and was to arrive in Chicago before seven o'clock on the morning of January 27.

From an examination of the evidence, it is quite plain that plaintiff failed to prove the contract alleged in his amended petition, and that this was the view of the trial court is evidenced by the fact that it so instructed the jury at the request of the defendant. The court also instructed the jury that "all testimony with reference to oral negotiations or arrangements

between plaintiff and defendant's station agent, leading up to and prior to the signing the written contract of shipment introduced in evidence, is withdrawn from your consideration,'' but the court refused the request of defendant to instruct the jury, upon such failure of proof, that their verdict must be for defendant, but submitted the case to the jury on the theory of plaintiff's original petition.

If there is any proposition of law that is well settled in this State, it is that when an amended petition is filed it operates as a withdrawal or abandonment of the original petition. [Hawkins v. Massie, 62 Mo. 552; Bobb v. Bobb, 89 Mo. 411; Ross v. Mineral Land Co., 162 Mo. 317; Roberts v. State Insurance Co., 26 Mo. App. 92.] In Hubbard v. Quisenberry, 32 Mo. App. 1. c. 472, it is said: "As long as the amended statement is recognized by the court it stands in lieu of the original statement, and no issue growing out of the latter, or based upon it, could be properly submitted to the jury."

Nor could plaintiff sue upon one cause of action and recover upon another. [Clements v. Yeates, 69 Mo. 623, and cases cited; Huston v. Tyler, 140 Mo. 252; Crawford v. Spencer, 36 Mo. App. 78.]

In Ray v. Bowles, 83 Mo. 1. c. 170, it is said: "A recovery, if at all, must be on the contract set forth in the petition. So when the petition is based on a parol contract, a written agreement undertaking to vary or modify the verbal, will not be admitted in evidence. In other words, parties must stand or fall upon their pleading, and will not be permitted at the trial by evidence to blend the two 'and graft the verbal on the written contract.' [Henning v. United States Ins. Co., 47 Mo. 425; Stix v. Matthews, 75 Mo. 96; Weil v. Posten, 77 Mo. 284; Clements v. Yeates, 69 Mo. 623.]" So in Mann v. Birchard, 40 Vt. 1. c. 339, it is said: "The declaration in each count sets up a

special contract for unusual despatch, alleging in one count that the defendants promised to transport the freight 'by express and through freight trains;' in another, 'by the first through and expressed freight trains;' and in the third, 'by the earliest and quickest freight trains.' The plaintiffs' evidence, so far from tending to prove such a contract, proves that it was understood that the freight was not to be so carried. There is, then, a manifest variance between the declaration and the proof. The declaration seems to be in' assumpsit, and the first count somewhat singularly reads, 'in a plea of assumpsit,' but even if the declaration is in case, *ex delicto,* the variance would be equally fatal.''

These general principles are thus stated in 3 Ency. Pl. and Pr., 849: ''In actions of tort against a carrier, the duty on which the liability is alleged to be founded, or the contract out of which the tort arises, should be correctly stated. A variance between the duty or contract as stated and the proof adduced in support thereof may be fatal to a recovery; for whether the action is in form *ex contractu* or *ex delicto,* if the cause of action as set forth originates in a contract, the contract must be proved as laid.''

But plaintiff insists that defendant, by pleading over, waived the defects in respondent's petition, if any. That the rule is that even when an amendment changes the cause of action sued upon, and is a clear departure therefrom, if the party pleads over and goes to trial thereon, he waives his right to object, may be conceded. It is so held in Grymes v. Mill & Lumber Co., 111 Mo. App. 358, and State ex rel. v. Bank, 160 Mo. 640, and many other decisions of the appellate courts of this State. But the rule thus announced has no application to the case at bar, because it was tried upon the original petition, which was in legal contemplation abandoned or withdrawn by the filing of the amended petition, and the answer was to

the latter petition. In fact, plaintiff in his brief predicates his right to recover upon a violation of the original contract, and insists upon his right to recover on a verbal contract, notwithstanding the fact that the cause of action before the court was bottomed upon a written contract, and claims that as he sued for and recovered damages on account of appellant's failure to deliver the cattle in time for market, there was not a failure of proof (sec. 798, R. S. 1899); and that, if there was a variance, appellant's remedy was under section 655 of said statutes. But, as we have said, there was not a variance, but an entire failure of proof.

In discussing this subject in Whipple v. Peter Cooper B. & L. Association, 55 Mo. App. l. c. 558, ROMBAUER, P. J., speaking for the court, said: "Where the petition states one contract, and the answer another and wholly different contract, denying the contract stated in the petition, we are aware of no rule which would entitle the plaintiff to a recovery upon a bare showing that the defendant had not complied with the contract stated in the answer. The case last put presents a case of failure of proof and not of variance, and is governed by section 2238 [now sec. 798] of the Revised Statutes, and not by the provisions of section 2097 [now sec. 656]."

From what has been said, it necessarily follows that the court should have sustained one of the demurrers to the evidence interposed by defendant at the close of plaintiff's evidence and at the close of all the evidence. For these intimations, the judgment should be reversed and the cause remanded. It is so ordered. All concur.