WESTINGHOUSE ELECTRIC and MANUFACTURING COMPANY, Plaintiff in Error, v. J. A. TWEEDLE, Defendant in Error.

Springfield Court of Appeals, May 8, 1922.

1. **PLEADING: Amended Answer May State an Entirely New Defense.** Under Revised Statutes 1919, section 1278, defendant may amend his answer as a matter of right any time before a reply to the original answer is filed, though the amended answer may state an entirely different defense from the original answer.

2. ————: **Original Answer is Abandoned When Amended Answer is Filed.** When defendant, by leave of court, files an amended answer, he thereby abandons the original answer.

Writ of error to Dunklin Circuit Court.—*Hon. W. S. C. Walker,* Judge.

AFFIRMED.

*Fred L. Byrkitt* for plaintiff in error.

(1) Liberal as the code is in permitting amendments of pleadings it does not permit a party to substitute an entirely different cause of action or defense in his amended pleading for that originally declared upon in his first pleading. Herman v. Glaun, 129 Mo. 325; Pruett v. Warren, 71 Mo. 84. (2) The defendant cannot predicate his action upon a judgment obtained in the justice court whereby he acquired the property of plaintiff who sued in conversion of that same property, and thereafter by an amendment to his answer and counterclaim inject a different defense and cause of action for one stated in his original answer and counterclaim. The case of Ross v. Cleveland & A. Mineral Land Co., 162 Mo. 317, holds that would be a departure. (3) Where one has instituted a cause of action on one state of facts, he cannot be permitted to substitute a different cause of action substantially changing his original action. Purdy v. Plaff, 104 Mo. 331.

No brief for defendant in error.

COX, P. J.—Plaintiff sued defendant for damages for conversion of certain property. Defendant filed an answer and counterclaim at the April Term and at the same term filed an amended answer and counterclaim. Plaintiff filed a motion to strike out the amended answer and counterclaim which was overruled. The plaintiff then took a voluntary non-suit on its cause of action and appeared no further in the case. The defendant proceeded to trial on his counterclaim and was awarded judgment against plaintiff for $100. Plaintiff then appeared and filed motions for new trial and in arrest of judgment which were overruled. Bill of exceptions was filed by plaintiff and writ of error sued out in this court.

Plaintiff in error seeks a reversal on the ground that the amended answer and counterclaim was a departure

and set up an entirely different defense from the one set out in the first answer and counterclaim. The first answer and counterclaim pleaded a judgment previously obtained by defendant against plaintiff in a suit by attachment in a justice court in Dunklin County and stated that said judgment was based on a breach of contract on part of plaintiff to deliver certain goods to defendant. The goods were not described. The amended counterclaim made no reference to the judgment in defendant's favor against plaintiff but alleged a contract by which defendant had bought from plaintiff certain described goods and plaintiff had agreed for a consideration to deliver the goods purchased by a certain day; then alleged a breach of that contract on plaintiff's part and resultant damages for which he asked judgment.

On this record two questions arise:

First: Was the amended counterclaim an amendment of the first or did it state an entirely different defense?

Second: If the amended counterclaim was a different defense from the first, could the court permit its filing and permit defendant to use it as a defense or for affirmative relief in that action?

If the latter question is answered in the affirmative, it will not be necessary to discuss the former. In the matter of amending pleadings before the issues are finally made up or the trial begun, we do not think the defendant stands in the same position as the plaintiff. The plaintiff brings suit, he must file his petition before summons can issue and when summons is issued and served, the defendant is thereby brought into court to answer to the cause of action stated, or attempted to be stated, in the petition then on file and the plaintiff cannot, by amendment, substitute a new cause of action. He cannot depart from the cause of action first alleged. When he summons defendant to answer to that cause of action he understands that the defendant may, by answer or counterclaim, avail himself of any defense he may have, hence there is not the same reason for holding the

defendant to his first answer as there is for holding the plaintiff to his first petition. By section 1278, Revised Statutes 1919, the plaintiff may amend as a matter of right at any time before an answer is filed, but in amending he must not depart from his original cause of action. By the same statute, the defendant may amend his answer as a matter of right at any time before the reply to his original answer is filed, if his original answer was one requiring a reply. That is the condition in this case. We do not think the defendant in filing an amended answer or counterclaim before trial and before the issues were finally made up is bound by the same rules as to what he may state in the amended pleading as is the plaintiff. It is well settled in this State that when either party files an amended pleading, the first one is thereby abandoned. [Ingwerson v. Chicago & A. R. Co., 205 Mo. 328, 335, 103 S. W. 1143.]

When the defendant by leave of court filed an amended answer and counterclaim, he abandoned the one first filed. When the one first filed was abandoned, the case stood as though no answer had been filed and the defendant could incorporate in the amended answer or counterclaim any defense or counterclaim that could have been incorporated if that pleading were his first. [Roberts v. State Ins. Company, 26 Mo. App. 92, 98; Bradley v. Phoenix Ins. Co., 28 Mo. App. 7, 13-14.]

The amended answer having been filed before trial and before a reply had been filed to the first answer, it is immaterial whether it was a departure from the first answer or not. At that stage of the proceeding, he had the right to withdraw the first answer and file an entirely different one and that is what he, in effect, did, when he filed the amended answer and counterclaim. The right to amend an answer after the issues have been made up or the trial begun is not involved here and cases which discuss the right of amendment under those circumstances have no application to this case.

The judgment is affirmed. *Farrington, J.,* and *Bradley, J.,* concur.