FLORENCE F. PAIN, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 19, 1913.

1. NEGLIGENCE: Street Railways: Pleading: Special Allegations. Evidence of injuries, as a ground of action, which are not charged in the petition, should not be admitted. Where the petition charged an injury to the foot, ankle, hip, leg and spinal cord, evidence of an attack of pneumonia is not proper.

2. ———: Evidence: Injuries: Pleading. Evidence of injuries other than those alleged should be confined to such as naturally, usually or ordinarily flow from those alleged; and it is improper to receive evidence if pneumonia under allegations of injury to the foot, ankle, leg, hip and spinal cord.

3. ———: **Damages: Evidence.** Where a plaintiff had testified that her injury caused a loss of flesh and weight, it was *held* that defendant had a right to show that such loss was probably occasioned by plaintiff having recently had pneumonia, and that that disease did not result from an injury; and that this showing by defendant did not justify plaintiff in making pneumonia, which was not pleaded, a substantive ground of action upon which to base damages.

Appeal from Jackson Circuit Court.—*Hon. Jas. H. Slover,* Judge.

REVERSED AND REMANDED.

*John H. Lucas,* and *Hogsett & Boyle* for appellant.

(1) The court erred in admitting evidence of injuries not pleaded in the petition. Thompson v. Railroad, 111 Mo. App. 475, 476, 477; Arnold v. Maryville, 110 Mo. App. 254; Pugmire v. Oregon Short Line, 33 Utah, 27, 95 Pac. 762, 126 Am. St. Rep. 805; Keefe v. Lee, 197 N. Y. 680, 90 N. E. 344, 27 L. R. A. (N. S.) 837; Cibulski v. Hutton, 62 N. Y. Sup. 166; Lewin v. Railroad, 72 N. Y. Sup. 881; Piltz v. Railroad, 82 N. Y. Sup. 220; Lockwood v. Railroad, 87 N. Y. Sup. 311; Wilkins v. Ex. Co., 90 N. Y. Sup. 678; Brown v. Railroad, 94 N. Y. Sup. 190; Farnham v. Railroad, 94 N. Y. Sup. 364; So. Pac. Co. v. Martin, 83 S. W. (Tex.) 675; R. R. Co. v. Cook, 27 S. W. (Tex.) 769; Tel. Co. v. Tucker, 98 S. W. (Tex.) 909; Ford v. Kansas City, 181 Mo. 137. (2) The court erred in permitting Dr. Porter to testify that plaintiff had curvature of the spine and that he thought an injury might produce it. Coburn v. Railroad, 243 Ill. 455; Fuhey v. Railroad, 239 Ill. 550; Greineke v. Railroad, 234 Ill. 571; Kath v. Railroad, 121 Wis. 503, 99 N. W. 217; Hitchcock v. Burgett, 38 Mich. 507; James v. Village of Portland, 88 Mich. 598; Hathaway's Adm'r v. Ins. Co., 48 Vt. 335; Barber's Appeal from Probate, 63 Conn. 393; Green v. Water Co., 101 Wis. 259; Van Deusen v. Newcomer,

40 Mich. 119; Wallace v. Oil Co., 128 N. Y. 579; Wilkinson v. Mosley, 30 Ala. 573; Railroad v. Tanners, 90 Md. 315; Peoples v. McElvane, 127 N. Y. 250; Railroad v. McMican, 194 Fed. 393; Coal Co. v. Railroad, 129 Mo. App. 505, 506; State v. Privitt, 175 Mo. 227; Rogers on Expert Testimony, 61; Livery Co. v. Railroad, 105 Mo. App. 560; Smith v. Tel. Co., 113 Mo. App. 443; Demaet v. Moving Co., 121 Mo. App. 105. (3) Plaintiff's instruction 6 on the measure of damage is erroneous. (a) Because it assumes that all of the injuries detailed in evidence were due to the accident in question. Plummer v. City of Milan, 70 Mo. App. 601, 602; Muncy v. Bevier, 124 Mo. App. 15; Glover v. Railroad, 129 Mo. App. 575; York v. Everton, 121 Mo. App. 640; Evans v. Joplin, 76 Mo. App. 20. (b) Because it permits recovery for the permanency of all of the injuries, whereas only part of the injuries were alleged to be permanent. St. Louis v. Kansas City, 110 Mo. App. 653; Smedley v. Railroad, 118 Mo. App. 103; Steinmann v. Transit Co., 116 Mo. App. 673. (4) The verdict is excessive. Dimmitt v. Railroad, 40 Mo. App. 658; Feddeck v. Car Co., 125 Mo. App. 24; Haynes v. Trenton, 108 Mo. 123; Stoetzele v. Swearingen, 90 Mo. App. 588; Doherty v. Kansas City, 105 Mo. App. 173; Donovan v. Railroad, 157 Mo. App. 656; Davidson v. Transit Co., 211 Mo. 321.

*Brewster, Kelly, Brewster & Buchholz* for respondent.

(1) The court did not err in admitting any of the evidence in this case. The only possible error in the case was that occasioned at the invitation of the defendant. Reardon v. Railroad, 215 Mo. 135; Van Cleve v. Railroad, 124 Mo. App. 230; Fledderman v. Transit Co., 134 Mo. App. 206. (2) The court did not err in permitting Dr. Porter to testify as to the curvature of plaintiff's spine. This evidence was in support of

that allegation and the question asked Dr. Porter was not a hypothetical question. Holloway v. Kansas City, 184 Mo. 40. (3) Plaintiff's instruction 6 on the measure of damages was correct. DeVoe v. Transit Co., 192 Mo. 207; Corbey v. Telephone Co., 231 Mo. 429. The petition did plead permanent injuries. (4) The verdict is not excessive. Haxton v. Kansas City, 190 Mo. 53; Westervelt v. Transit Co., 222 Mo. 325; Allison v. Railroad, 157 Mo. App. 72; Stauffer v. Street Railway, 243 Mo. 305.

ELLISON, P. J.—Plaintiff was a passenger on one of defendant's street cars and alleges that on account of its negligence she was thrown upon the street in such way as to inflict permanent bodily injury. She instituted this action and recovered judgment in the circuit court. There was evidence tending to show that on the night of the 1st of September, 1910, plaintiff, her niece and a friend, left the car at Forty-first street and Troost avenue. As she attempted to alight and while in the act, the car was suddenly started, whereby she was thrown to the street. She was carried to a near-by drug store. Her injuries were specifically stated in the petition in the following words: "This plaintiff then and there suffered a most severe sprain of her left ankle, and two of the bones in the instep of this plaintiff's left foot were thus and thereby broken and dislocated, and this plaintiff's left ankle and right hip and the bones, nerves, tendons and muscles connected therewith were thus and thereby strained, bruised, misplaced, wrenched and injured; and that this plaintiff received a severe injury to her back, spine and spinal cord, and to the bones, muscles, nerves and blood vessels connected therewith."

The contest seemed to be whether plaintiff was injured by a turning of the ankle and falling after she left the car and while walking away, or while in the act

of alighting the car was started and she was thrown as above indicated. We think there was ample evidence to justify the court in submitting the case to the jury.

Plaintiff was allowed to prove that she had suffered from an attack of pneumonia in consequence of her injury. Such result was not pleaded in the petition and was error unless excused by the following consideration: Plaintiff insists that she was invited outside the allegations of the petition by defendant; that is, that defendant first introduced the matter of her being afflicted with pneumonia. It is true that defendant did first broach that question, but we do not think it did so in such circumstances, or under such condition of case, as justified plaintiff in afterwards using it as an injury following the fall on the street or caused thereby. The matter came up in this way: During the time plaintiff was testifying as to her suffering and how the injury had affected her in various ways and that she had not been able to carry on any business since the injury, plaintiff asked her what was her condition "as to weight before you were hurt, compared with your weight now." This was allowed over defendant's objection; and she answered that she weighed 135 pounds before the injury and only 119 at the trial. It is manifest that this was brought out intending to convey the impression to the jury that her injury caused the loss in weight. But it seems that pneumonia will cause a heavy loss in flesh and defendant had been advised that shortly before the trial, though fifteen months after the injury, plaintiff had suffered an attack of that disease, and so for the purpose of showing that her loss of weight was probably due to that cause and not from the injury, defendant asked about that disease and showed that it would account for plaintiff's loss, and that "true pneumonia does not result from injury."

Now plaintiff seizes upon this proper evidence in defendant's behalf (Ford v. Kansas City, 181 Mo. 137) tending to meet evidence in plaintiff's behalf as to her loss of weight being caused by her injury, and makes of it an excuse for laying before the jury as a part of her cause of action, a serious spell of pneumonia not pleaded and not advanced by plaintiff in her testimony, as one of her causes of complaint, until after it was mentioned in the manner stated.

We have not overlooked the suggestion made at the trial that it was not intended to introduce this as a substantive ground of recovery but as an examination in answer to what defendant had brought out. But it was not so confined; for afterwards it was pointedly and specifically dwelt upon in examining a physician. He was even asked if that disease was not "more apt to strike a person whose nervous condition had been depleted and whose health was run down, than a strong healthy person." It seems to us palpably unfair to the defendant to have its proper question in defense of what plaintiff had brought out, made the foundation for a substantive ground of complaint not pleaded. Nor have we overlooked the suggestion that, after all, the allegations in the petition justified evidence as to pneumonia. We think they did not. By reference to the part of the petition above set forth it will be seen that the matters of which she complains are specifically alleged, and that pneumonia is not one of them. A general allegation of a certain injury will justify the admission of evidence of those things which naturally or necessarily and usually flow from it, for the defendant must be presumed to be aware of the necessary consequences of an injury he inflicts. So it is proper enough to admit evidence of those things which naturally and ordinarily ensue as a consequence of the things charged. But it would be unreasonable and unwarranted statement to say that pneumonia was a natural and usual result following a broken foot, or

sprained ankle, bruised hip, or injured spine. In Kleiner v. Third Ave. R. R. Co., 162 N. Y. 193, the petition alleged that plaintiff received contusions to her head, body, arms and lacerated her scalp, whereby she sustained a nervous shock, concussion of the brain and injured eyesight; and it was held that these allegations were not sufficient to permit proof of heart disease, vertigo or curvature of the spine, And so where it was charged that a vicious horse had struck plaintiff "upon the head, breaking his skull, tearnig the skin and scalp therefrom," and that plaintiff "was seriously injured through his head, skull, eyes and bruises to his right leg and body," it was held not to justify evidence of deafness, that affiliction not being a necessary or ordinary result of the injuries alleged. [Keefe v. Lee, 197 N. Y. 68.] Again a plaintiff alleged that she was injured by a blow on the head, her back sprained and wrenched, her arms and leg bruised and sprained and internal injuries to the female organs received, in consequence of which she was incapacitated from work as a cook and housewife. It was held that having specified the injuries, evidence of diseased condition of her eyes was not admissible. [Pugmire v. Railroad, 33 Utah, 27.] The same rule was stated in Southern Pacific Co. v. Martin, 98 Tex. 322, where the petition entered into detailed particulars of injuries and that plaintiff was "bruised from head to foot" and that his "hip, knee and ankle joints whenever he arises from his bed in the morning are swollen and greatly stiffened," and it was held to be insufficient to admit evidence of a fracture of, or injury to, the head of the femur and consequent shortening of the leg, these not being alleged. The rule was stated in that case in this language: "The general allegation of damages will suffice to let in proof and to warrant recovery of all such damages as naturally and necessarily result from the wrongful act complained of; the law implies such damage; that is, damages of that sort,

and proof only is necessary to show the extent and amount. But where damages actually sustained do not necessarily result from the act complained of, and consequently are not implied by law, the plaintiff must state in his declaration the particular damage which he has sustained, for notice thereof to the defendant; otherwise the plaintiff will not be permitted to give evidence of it on the trial.''

We had the question in this court where the petition alleged that plaintiff's foot was violently wrench-ed, the bones broken and the ligaments torn, whereby she suffered great pain and became permanently disabled in said foot and permanently deprived of the use thereof. We held evidence of a cancer subsequently developing on the foot, making its amputation necessary, was not admissible, since specific allegations of the injury were set out which did not include cancer and an amputated foot. [Arnold v. Maryville, 110 Mo. App. 254.] The same rule is stated and decided in an opinion by Judge BLAND in Thompson v. Railroad, 111 Mo. App. 465.

This view of pleading is in keeping with that other closely related rule always recognized in this State, that when one specifically particularizes negligence, he is held to the particulars in his proof; and when one particularly specifies the damages from a nuisance, he cannot enlarge upon it in evidence. [Pinney v. Berry, 61 Mo. 359; Smith v. McConathy, 11 Mo. 517.]

The judgment is reversed and the cause remanded. All concur.