BEDO DYER and C. C. DUNHAM, Appellants, v. E. B. HARPER, ROSCOE BARKLEY, HOBART F. MILLER and BIG CREEK DRAINAGE DISTRICT No. 2 of Johnson County.—77 S. W. (2d) 106.

Division Two, December 1, 1934.

*Jones & Wesner* for appellants.

*W. E. Suddath* for E. B. Harper and Roscoe Barkley.

TIPTON, J.—This case comes to the writer on reassignment. The appellants brought an action against the respondents, E. B. Harper, Roscoe Barkley, and the defendant Hobart F. Miller in the Circuit Court of Johnson County, Missouri, to determine and adjudge title to a certain tract of real estate located in that county. On change of venue the case was sent to Saline County and there the Big Creek Drainage District became a party defendant.

On November 9, 1929, the appellant, Bedo Dyer purchased this tract of land at a tax sale for general state, county and school taxes for the years 1925, 1926, 1927 and 1928 for the sum of $50. The amount of the judgment was $377.94. This appellant deeded an undivided one-half interest in this property to the appellant C. C. Dunham. Immediately following the sale of this land for state, county and school taxes, it again was sold to satisfy a judgment for benefit assessments and maintenance tax levied on behalf of the Big Creek Drainage District No. 2 for the same years, and the respondents E. B. Harper and Roscoe Barkley were the purchasers. On December 2, 1929, the sheriff of Johnson County executed deeds to both purchasers. The drainage district was not made a party to the suit to enforce the state, county and school taxes. The defend-

ant, Hobart F. Miller, was the owner of the tract of land at the time the two judgments were obtained.

In the first amended answer of respondents, Harper and Barkley claimed to be the owners in fee to this land. On January 31, 1931, these respondents conveyed the interest they acquired by the sheriff's deed to the Big Creek Drainage District No. 2. On September 21, 1931, the drainage district filed its separate answer claiming to be the owner of the fee-simple title by reason of the conveyance to it from these respondents and on the same day Harper and Barkley filed an amended answer stating that they bought this land in their own names and held the title thereto, but never claimed to hold the beneficial title as against the drainage district. On these pleadings the case went to trial before the court. The answers of these respondents were offered in evidence. The evidence substantiated the fact that these respondents bought this land to protect the drainage district.

At the close of all the evidence and after the argument of counsel had been made, it is apparent from reading the record that the court had indicated that the deed from Harper and Barkley to the drainage district was a nullity. Over the objection of the appellants these respondents were permitted to file an amended answer. This answer set up the fact that these respondents purchased the tract of land at a sheriff's sale to satisfy a judgment in favor of the drainage district and that they took title in their own names, and that they had a right to redeem from the appellants. In their prayer they stated: "That in event the court shall determine that the above mentioned conveyance from these defendants to the defendant Big Creek Drainage District No. 2 is void and of no effect, then these defendants pray that the Court shall order, adjudge and decree that said conveyance be canceled upon such conditions as may be fixed by the court and also prayed that the right of redemption be decreed as against the appellants upon the payment of $50 or such sums as the Court shall decree."

The decree of the circuit court in substance was as follows: That the appellants, Bedo Dyer and C. C. Dunham, were the owners in fee simple of the tract of land in question, subject to be redeemed from them by the respondents, E. B. Harper and Roscoe Barkley, upon the payment of one hundred twenty-three dollars and eighty-one cents ($123.81) ($50 paid to sheriff at tax sale, $3 for deed, and $70.81 for taxes for the year 1930 paid by appellants); that defendant Hobart F. Miller has no title of any kind to the land; that the deed of respondents to the defendant the drainage district is void, and this deed shall be held for naught upon condition that respondents shall pay the drainage district the sum of $500.

From this decree the appellants, Bedo Dyer and Roscoe Barkley, have duly appealed to this court. Other pertinent facts will be stated in the course of this opinion. ·

I. The lien created by the judgment for state, county and school taxes was superior to the lien for drainage taxes. In the suit to enforce the collection of state, county and school taxes the Big Creek Drainage District No. 2 was not made party, and therefore its lien was not destroyed by a sale under such a judgment. At a sale under a judgment for drainage taxes, the purchaser would acquire the right to redeem; in an action against the holder of the tax title, by making a proper tender of the amount due the holder of the tax title. [Little Drainage District v. Sheppard, 320 Mo. 341, 7 S. W. (2d) 1013.]

The appellants do not contend otherwise, but they do assert that no proper tender was made and, therefore, the decree was improper. In their brief they say: "About the only point material to the facts in the case at this time testified about orally was dispute between appellants and respondents as to whether or not respondents had tendered appellants the amount of $50 for their interest in the real estate in an attempt to prove, on the part of respondents, Harper and Barkley, steps toward making a tender in order to establish their claimed right of redemption. Appellants denied any such tender either from respondents or the drainage district. Respondents contended there was a tender."

We think it is immaterial that the offer to redeem be made prior to the filing of a petition or cross-petition. If such petition or cross-petition contains an offer to redeem that is sufficient.

Section 9966, Revised Statutes 1929, is as follows:

"No suit or action in any of the courts of this State, either at law or in equity, shall hereafter be maintained by any person or corporation, against any other person or corporation, for the determination of the title to, or for the recovery of, any lands which shall have been sold for taxes, or any interest in any such lands, or for the setting aside or cancellation of any tax deed or sale of land for taxes alleged to have been void, voidable or defective, unless such person or corporation so seeking to recover such lands, or some interest therein, or the setting aside of such tax deed or tax sale, shall in his petition offer to refund to the defendant therein, or to such other person or corporation, from whom and against whom such recovery is sought, in such action, all taxes paid by such defendant, or other persons, and his grantors, remote or immediate, or by those under whom he claims, together with interest thereon from the date of payment of such taxes to the date of the judgment in such action. *No actual tender shall be required to be made by such plaintiff or other person seeking such recovery or cancellation of such deed, but it shall be deemed sufficient if an offer to pay the same, as soon as the*

*amount thereof shall be ascertained, shall be made and set out in such petition.* All courts before which any such action may be brought or maintained shall, if the judgment in such action be adverse to the defendant, or defendants therein, and the recovery of such land or any interest therein be adjudged or decreed, find and adjudge by its decree or judgment the amount of money due to the defendant, or to other persons, on account of taxes or interest thereon paid as aforesaid by defendant or his grantors as aforesaid, and all such courts may, if such relief be prayed for in the answer, or the other pleading of the defendant, or other person, entitled to reimbursement, adjudge and decree that the amount so found by the court or the jury, shall be and constitute a lien upon the lands recovered or in controversy.'' (Italics ours.)

Respondents in their amended answer and cross-petition ask that the ''plaintiffs herein shall deliver to these defendants their conveyance for and in the consideration of the sum of $50 or *such sum as the court shall decree,* conveying the absolute, complete and fee simple title to said lands to these defendants.'' (Italics ours.) As the drainage district was not made a party to the tax suit under which the appellants claim title to the land, their tax deed was voidable or defective as to the district and the district or its assignee is brought within the terms of Section 9966, supra. The respondents' offer in their cross-petition brings them within the term of that section. Under this section of the statute a tender made in the pleading is sufficient.

We do not agree with the appellants that the respondents should be required to tender the amount of the judgment in the tax suit before they would be entitled to redeem. This section of the statute says that in event the court found the party was entitled to redeem the court should ''. . . find and adjudge by its decree or judgment the amount of money due to the defendant or to other persons, on account of taxes or interest thereon paid as aforesaid by defendant or his grantors. . . .'' The statute says taxes paid by the defendant and does not say the amount of the judgment. The trial court was correct when it decreed that the respondents could redeem this land upon the payment to the appellant of their bid at the tax sale even though this bid was less than the amount of the judgment

The appellants further contend ''that although the drainage district was not made party to the action to foreclose the lien for the general state and county taxes that it cannot sit idly by and allow one to purchase under the action to foreclose the general state and county tax lien and when one becomes a purchaser thereunder in good faith merely come in and offer such person the amount of his bid and expect to establish a claim to the title of the real estate.''

58

The record does not bear out this contention. The appellant Dyer knew that the land was to be sold for drainage taxes, in fact, he bid at the sale. A part of his cross-examination is as follows:

"Q. And he did proceed immediately to read the notice on the drainage tax? A. Yes, sir.

"Q. You bid on that land under the drainage taxes? A. Yes, sir."

Moreover, the sheriff testified that before he sold the land under the state, county and school tax judgment he announced that he would immediately sell the land under the drainage tax judgment.

The appellants in their brief say: "We do not dispute the fact but what the drainage district had the right to enforce its lien or liens for delinquent taxes. By the statute they are made inferior to the state's paramount lien for state taxes. . . ." The appellants have admitted that the drainage district had a right to enforce its lien for delinquent taxes. One method it had to enforce this lien was by redemption. It seems to us that it is immaterial so far as the appellants are concerned, whether the drainage district or the respondents were allowed to redeem.

The defendant Big Creek Drainage District No. 2 did not appeal from the judgment of the trial court, and whether that court was correct in holding the conveyance from these respondents to the drainage district was a nullity is not before us for a decision.

II. The appellants next complain of the action of the trial court in permitting the respondents Roscoe Barkley and E. B. Harper to file their amended answer to appellants' second amended petition after the close of all the evidence and argument of counsel.

The answer of these respondents at the beginning of the trial set up the right of redemption as against appellants, claiming such right existed in the defendant Big Creek Drainage District as grantee of these respondents. The amended answer, filed by permission of the court, asked that the title to the land be adjudged as between these respondents and the appellants and the defendant Hobart F. Miller and the defendant Big Creek Drainage District. The amended answer further stated "that in event that the court shall determine that the above mentioned conveyance from these defendants (the respondents) to the defendant, Big Creek Drainage District No. 2, is void and of no effect; then these defendants pray that the court shall order, adjudge and decree that said conveyance be canceled, upon such conditions as may be fixed by the court, and that the court shall order, adjudge and decree that the plaintiffs herein shall deliver to these defendants for or in consideration of the sum of $50 or such sum as the court shall decree, conveying the absolute, complete and fee simple title to said lands to these defendants. . . ."

It has been uniformly ruled by this court that it is discretionary with the trial court to permit amendments to pleadings to be made out of time and before final judgment, in furtherance of justice

unless there be a clear departure from and substantial change in the original claim or cause of action or defense. Such discretion of the trial court is rarely interfered with by the appellate courts of this State, and then only when the trial court has palpably abused its discretion in permitting or refusing the amendment to be made. [Allen v. Ranson, 44 Mo. 263, 267, 100 Am. Dec. 282; Joyce v. Gowney, 154 Mo. 253, 263, 55 S. W. 466; Clarke v. Railway Co., 127 Mo. 255, 269, 30 S. W. 121; Little River Drainage District v. Railroad Co., 263 Mo. 94, 113, 139 S. W. 330; Lee v. W. E. Fuetterer Battery & Supplies Co., 323 Mo. 1204, 23 S. W. (2d) 57.]

We are of the opinion that the amended answer made no substantial change in the defense that the appellants were called upon to meet, and worked no harm or prejudice to appellants herein. We think this is especially true in view of the appellants' prayer in their petition when they asked the court to "finally determine any and all rights, claims, interest, liens and demands of the parties or any of them concerning or affecting the said real estate . . . and for general relief." Under the prayer in appellants' petition the court would have been justified in entering the decree that was entered in this case.

Moreover, the record shows that after the amended answer was filed the appellants refiled their reply to the amended answer, in so doing they waived their objection to the amendment. [Younger v. Evers, 333 Mo. 931, 64 S. W. (2d) 936; Lee v. W. E. Fuetterer B. & S. Co., 323 Mo. 1204, 23 S. W. (2d) 45, 1. c. 57; Boyd v. Brewing Assn., 318 Mo. 1206, 5 S. W. (2d) 46; Ingwerson v. Railroad Co., 205 Mo. 328, 1. c. 336, 103 S. W. 1143; Grymes v. Mill & Lumber Co., 111 Mo. App. 362, 85 S. W. 946; Hill v. Morris, 21 Mo. App. 256; Liese v. Meyer, 143 Mo. 547, 1. c. 556, 45 S. W. 382.]

It follows that the judgment should be affirmed. It is so ordered. All concur.