BAIRD LIGGETT v. GEORGE E. KIMBALL, HAL H. LIGGETT and FLOYD ADAIR, Appellants.—108 S. W. (2d) 134.

Division Two, August 26, 1937.

*George E. Kimball, Prince & Beery* and *Ruby D. Garrett* for appellants.

*William B. Dickinson* and *Martin B. Dickinson* for respondent.

COOLEY, C.—This is a companion case to Baird Liggett v. Mary H. Liggett et al., 341 Mo. 213, 108 S. W. (2d) 129, decided herewith, and involves the same eighty-acre tract of land. Said tract of land with other lands belonged to Mary H. Liggett, mother of plaintiff, in her lifetime. She died in August, 1932, leaving a will by which she devised said eighty acres to plaintiff. The will contained a forfeiture clause providing that any child who should contest the will should forfeit his or her portion. The will further provided that tenants in possession at testatrix' death should retain possession till the end of the rental year in which she might die. The term of the tenant of this eighty expired February 28, 1933.

By his original petition herein, filed March 13, 1933, plaintiff claimed that on the evening of said February 28th, by agreement with the tenant, he moved household goods into the house and acquired possession, the understanding between him and the tenant being that the latter might remain in the house till she could remove her belongings; that about midnight that night defendants unlawfully and forcibly entered the premises and by threats and intimidation forced him and his wife to leave. He prayed actual and punitive damages and that defendants be enjoined from further occupying the premises and for general relief.

Defendants filed answer, denying plaintiff's claim of ownership, pleading the will of Mary H. Liggett, and asserting that plaintiff had contested the will, thereby forfeiting his devise and therefore had no title to the land and, consequently, no right to possession; that the title was in Kimball, as trustee for the Salvation Army, subject to a life estate in defendant Hal H. Liggett, and that Adair was in actual possession as tenant of Kimball or of him and Hal H. Liggett.

The case came to trial in December, 1934. At that time the case of Liggett v. Liggett, supra, had been tried in the circuit court, resulting in a judgment for plaintiff adjudging him to be the owner of said eighty. An appeal had been taken from that judgment, which was then undetermined. The judgment, however, was offered and admitted in evidence.

During the trial of this case plaintiff, over defendants' objections, was permitted to file an amended petition. It was in two counts, the first being a count in ejectment, alleging ownership and right of possession in plaintiff, with the usual prayer for possession, damages, etc. The second count was in effect an action for damages as for trespass. Said second count was dismissed before the trial progressed further and need not be noticed. After unavailing motions to strike out the amended petition, for a continuance and for a stay of proceedings until the case of Liggett v. Liggett, supra, should be decided on appeal, defendants refiled their answer to plaintiff's original petition as their answer to the amended petition and the trial pro-

gressed to a conclusion on the ejectment count of the amended petition and defendants' said answer thereto.

At the close of the case the court directed a verdict for the plaintiff, submitting only the amount of damages, if any, the reasonable value of rents and profits from March 1, 1933, to date of trial and the monthly value of rents and profits. The jury found accordingly, and that the reasonable value of rents and profits from March 1, 1933, to date of trial was $630 and that plaintiff was therefore damaged in that sum, and that the monthly value of the rents and profits was $30.

█ No complaint is made on this appeal regarding the matter of damages, rents and profits, etc. That branch of the case, therefore, needs no discussion. The substantial controverted issue was and is whether plaintiff had forfeited the devise given him in his mother's will. If he had not forfeited he was indisputably the owner and entitled to possession of the land in controversy. That question was fully considered by us and decided in plaintiff's favor in Liggett v. Liggett, supra, where the facts bearing on that issue are stated, and to which reference is here made for such facts.

█ Appellants complain of error by the court in permitting the filing of the amended petition and refusing to strike it out on their motion. They did not stand on their objection and motion to strike, but refiled their answer to the original petition as their answer to the amended petition and proceeded with the trial. Under numerous decisions of this court we think they waived the right to have that matter reviewed on appeal. [See Scovill v. Glassner, 79 Mo. 449; Younger v. Evers, 333 Mo. 931, 936, 64 S. W. (2d) 936, 937(3) and cases cited; Dyer v. Harper, 336 Mo. 52, 59, 77 S. W. (2d) 106, 109(10), and cases cited; Grymes v. Liebke Hardwood Mill & Lumber Co., 111 Mo. App. 358, 85 S. W. 946, cited in Younger v. Evers, supra, and Dyer v. Harper, supra.]

Moreover, we deem it useless to discuss this and several other alleged errors urged in defendants' brief. They could affect only the ultimate question of plaintiff's ownership of the land in dispute. That issue is conclusively determined by our decision in Liggett v. Liggett, supra. The judgment is affirmed. *Westhues* and *Bohling*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.