**Mary Ann JORDAN, Plaintiff-Respondent,**

**v.**

**Edgar L. BARHAM and Hollander and Company, Inc., a Corporation, Defendants-Appellants.**

**No. 33859.**

St. Louis Court of Appeals,
Missouri.

March 23, 1971.

Dearing, Richeson, Roberts & Wegmann, Nicholas G. Gasaway, Hillsboro, for defendants-appellants.

Schnapp, Graham & Reid, Fredericktown, for plaintiff-respondent.

DOERNER, Commissioner.

While stopped at an intersectional stop sign in Flat River, Missouri, on May 27, 1968, about noon, the automobile being operated by plaintiff Mary Ann Jordan was struck from the rear by a car being driven by defendant Edgar L. Barham. At the time Barham was acting within the scope of his employment with defendant Hollander and Company, Inc. Trial to a jury of plaintiff's ensuing action for damages for personal injuries resulted in a verdict and judgment in favor of plaintiff and against both defendants for $10,000, from which defendants appeal.

Only two points relied on are raised in defendants' brief. In the first they assert that the trial court erred in denying defendants' request for a continuance after permitting plaintiff to amend her petition during the trial. Plaintiff went to trial on a petition in which she alleged, among other matters, that as a result of the collision, "* * * Plaintiff was thereby caused to become, and permanently will be sick, * * *." So far as the transcript before us shows defendants made no motion for a more definite statement as to plaintiff's allegation that as a result of the accident she had been caused to become "sick."

In the course of her direct examination plaintiff testified, without objection, that on June 20, 1968, following the accident, she was hospitalized for a period of 23 days for what she termed as bronchial pneumonia. Counsel for defendants cross-examined plaintiff about her illness at the time she entered the hospital and about the state of her health immediately prior thereto. During the direct examination of plaintiff's treating physician, Dr. Bryan A. Michaelis, he stated, again without objection, that plaintiff was admitted to the hospital on June 20, 1968, under his care, for the reason that she was having shortness of breath and a cough productive of mucus; and that she remained in the hospital under his care until July 13. He also related that during that period plaintiff had continued to have a cough, had been given oxygen, was quite ill, and her recovery had been slower than usually expected.

Counsel for plaintiff then asked Dr. Michaelis whether, in his opinion, based upon reasonable medical certainty, there was a causal connection between plaintiff's condition for which she had been hospitalized and the accident of May 27. Defendants' counsel objected on the grounds that plaintiff's illness was outside the scope of the pleadings. Before the trial court could rule on the objection the defendants' counsel asked for and was granted leave to question the doctor on voir dire regarding his final diagnosis as shown on the hospital report; plaintiff's counsel, at the request of defendants' counsel, supplied the latter with the original hospital record, in which the diagnosis recorded was bacterial bronchitis; and defendants' counsel sought and obtained from plaintiff's counsel an agreement that defendants' counsel might introduce the hospital record without further identification as he announced he would do.

At that point defendants' counsel stated that if it was plaintiff's intention to attempt to establish the causal connection he objected to it as being beyond the scope of the pleadings, and when plaintiff's counsel replied that such was his intention, the objection was repeated. In the course of the colloquy about the hospital record the

parties had approached the bench, and apparently some discussion had occurred which was not recorded, for after the last objection the court remarked:

"THE COURT: In view of Counsel's statement before we started back on the record that defense was apprised of this in the taking of the doctor's deposition, and in view of the Plaintiff's testimony this morning that came in without objection that she had this attack of, I thought it said Pneumonia, but whatever —Bronchial Pneumonia is what she testified to, the Plaintiff's Counsel will be permitted to include this incident that the doctor is now testifying to, in the—."

Defendants' counsel then interrupted to ask plaintiff's counsel whether he was asking for the right to amend the pleadings, and plaintiff's counsel replied in the affirmative. Thereupon, without waiting for the court's ruling, defendants' counsel interrupted to state that he had to change his objection, and asked for a continuance "on the grounds that the petition has been amended and an allegation which we did not anticipate ever being presented are now being made a part of the pleadings." The court asked for the date of the deposition of Dr. Michaelis, which defendants' counsel gave as October 23, 1969; the latter stated that no attempt was made in the deposition to establish the causal connection; and at the request of counsel for plaintiff defendants' counsel stipulated that he had taken the deposition. The court then overruled the objection of counsel for defendants and also denied the request for a continuance. When the testimony of the doctor continued he expressed the opinion that plaintiff had had continuous discomfort and pain from the injuries to her neck suffered in the accident; that she was thereby unable, as a normal person would, to clear her bronchi of secretion which accumulated; and that as a result the germs grew in her body, as in a culture, and "* * * this is why I state that in my opinion this is a reasonable medical certainty that had she not had the pain from the

accident that this would have been unlikely to have occurred."

By the amendment made the allegation in plaintiff's original petition that "* * * Plaintiff was thereby caused to become, and permanently will be sick * * *" was amended to charge that "* * * Plaintiff was thereby caused to become sick, to-wit Bronchitis, bacterial * * *." In support of his complaint that the trial court erred in denying the defendants' request for a continuance defendants cite Simon v. S. S. Kresge Co., Mo.App., 103 S.W.2d 523; Gaines v. Schneider, Mo.App., 323 S.W.2d 401; Hamilton v. Slover, Mo., 440 S.W.2d 947; Davis v. Kansas City Public Service Co., 361 Mo. 61, 233 S.W.2d 679; Rodenberg v. Nickels, Mo.App., 357 S.W. 2d 551; and Pain v. Metropolitan Street Ry. Co., 170 Mo.App. 574, 157 S.W. 127. A careful examination of those cases (except the last, in which no question of amendment or continuance was involved) establish the general rule, well stated by this court in Simon (103 S.W.2d 523, 526), to be as follows:

"* * * the question of whether an amendment to a pleading should be allowed during the course of a trial, and, if so, whether a continuance should follow if applied for, are all matters reposing largely in the sound discretion of the trial court. * * *"

The extent of the wide discretion reposed in the trial court and its virtual immunity from appellate review has been repeatedly recognized by our Supreme Court:

"* * * Such discretion of the trial court is rarely interfered with by the appellate courts of this state, and then only when the trial court has palpably abused its discretion in permitting or refusing the amendment to be made. * * *" Dyer v. Harper, 336 Mo. 52, 77 S.W.2d 106, 109.

And see Civil Rule 55.54, V.A.M.R.; Hamilton v. Slover, supra; Parsons Construction Co. v. Missouri Public Service Co.,

Mo., 425 S.W.2d 166; Pender v. Foeste, Mo., 329 S.W.2d 656; Lee v. W. E. Fuetterer Battery & Supplies Co., 323 Mo. 1204, 23 S.W.2d 45. In all of the cases to which reference has been made, including those cited by defendants, it has been uniformly held that the trial court had not abused the exercise of its discretion.

■ In the instant case the plaintiff had alleged in her petition that the accident had caused her to become sick, and no effort was made by defendants to obtain a more definite statement of that allegation. Defendants conceded that plaintiff had furnished a copy of the hospital record to them well prior to the start of the trial. Neither the hospital record nor, for that matter, the deposition of Dr. Michaelis taken by defendants, are before us. The record shows that able counsel for defendants conducted a vigorous, lengthy and searching cross-examination of Dr. Michaelis, particularly on the doctor's opinion as to the causal connection between the accident and plaintiff's subsequent illness. See Gaines v. Schneider, supra. Nor was defendants' counsel restricted in his examination of his own medical expert on that subject. See Davis v. Kansas City Public Service Co., supra. Viewing the circumstances here shown in the light of the foregoing decisions we cannot say that the trial court abused its discretion in permitting plaintiff to make the in-trial amendment or in denying defendants' motion for a continuance.

At the hearing on defendants' motion for a new trial defendants sought and were granted leave to introduce what was marked as Defendants' Exhibit 1, a letter from Dr. Michaelis to plaintiff's counsel, dated March 6, 1969, concerning his treatment of plaintiff to that date, in which the doctor stated: "The patient was released from the hospital where she spent about thirteen (actually three) weeks because of a condition unrelated to her accident. * * *" (Interpolation ours.) At the time the exhibit was introduced counsel for defendants stated, "* * * It is further stip-ulated by and between the parties that this record as well as all doctor and hospital records, were provided to the Defendant by Plaintiff's Counsel well prior to trial time."

As was the trial court at the hearing, we are somewhat at a loss to understand why the defendants were introducing the exhibit at that late date, when by their own admission it had been in their possession well prior to the trial. Obviously it cannot now furnish any support for the defendants' claim that the court erred in permitting plaintiff's in-trial amendment or in overruling their motion for a continuance because it was not called to the court's attention prior to the time those rulings were made. If it was offered for the purpose of impeaching Dr. Michaelis it should have been used and offered for that purpose during, not after, the trial. And it could hardly be said to be newly discovered evidence because, by defendants' own admission, it was in their possession before and during the trial.

■ Defendants' second point relied on is in the alternative. They first maintain that the verdict was so grossly excessive as to indicate bias, passion and prejudice on the part of the jury. The only occurrence at the trial, or error committed, stated in support of their claim of bias, passion and prejudice is that the trial court permitted the plaintiff, over defendants' objection as to the *form* of interrogation, to relate in narrative form the history of her past injuries and illnesses. Defendants made no objection to the admissibility of the evidence, and at the time the trial court overruled the defendants' objection as to form defendants were assured that they could object if the plaintiff's testimony proved to be not responsive. Furthermore, after plaintiff had related only a part of her prior medical history her counsel resumed the question and answer form of interrogation. Defendants make no claim that the size of the verdict was sufficient, in and of itself, to establish that the verdict was the result of bias, passion or prej-

udice, nor could they validly do so. McConnell v. Pic-Walsh Freight Co., 432 S. W.2d 292. Defendants cite no authority in support of their contention, and we find it to be without merit.

■ In the alternative, defendants assert that the verdict (for $10,000) is excessive by $5,000. The substance of the testimony of the two doctors who testified on behalf of plaintiff is that as the result of the accident she sustained acute soft-. tissue injury to her neck and lower back, *with some nerve root irritation*, and chronic inflammation of the tissue. She was required to wear a Thomas collar for a period of time and was still wearing a back brace at the time of trial, in March, 1970; she was unable to do even light housework such as dusting, washing and drying dishes, which she had previously been able to do, was otherwise restricted in her activities, and suffered from headaches and back pain. Dr. Michaelis testified that plaintiff would always continue in the future to suffer pain and discomfort from the injuries she had sustained in the accident, and Dr. Morgan, an orthopedic surgeon, stated that while the severity of the plaintiff's pain would vary intermittently, he was of the opinion it would be permanent. Plaintiff's hospital bills introduced into evidence totaled $1,063. The amounts of the charges made by the two doctors who treated plaintiff do not appear in the evidence.

While we recognize the doctrine of uniformity in judgments we are also mindful of the difficulties in applying it because two cases seldom, if ever, involve precisely the same factors to be taken into consideration. Taking into account the injuries plaintiff sustained, the pain and discomfort she suffered and will continue to suffer, her age, monetary loss and other factors to be taken into consideration we cannot say that the judgment for $10,000 was excessive. Gass v. Bobbitt, Mo.App., 395 S.W.2d 288; Bullock v. Sklar, Mo.App., 349 S.W.2d 381.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment affirmed.

BRADY, P. J., and DOWD, J., concur.

WOLFE, J., not sitting.