**Margaret M. BREIER, Respondent,**

v.

**KONCEN MEAT COMPANY and George Hoffmann, Appellants.**

No. 54547.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 6, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 11, 1989.

Edwin D. Akers, Jr., St. Louis, for appellants.

Sandford J. Miller, Michael P. Steeno, Clayton, for respondent.

CRIST, Judge.

Defendant, George Hoffmann, appeals the judgment in favor of Margaret M. Breier (employee) on the theory of fraud. We affirm.

This action arose out of an employment contract entered into by employee and corporation. The contract provided for employee to receive, among other things, one percent of the outstanding stock of the corporation each year she was employed thereby and $50,000 severance pay in the event of the sale of corporation. Counts I and II of this action were directed against corporation for breach of contract for its failure to comply with these provisions. The jury found for employee and awarded her a total of $57,138 on these two counts. Corporation did not appeal this award.

Count III of employee's petition was directed against George Hoffmann, a major shareholder and Chairman of the Board of Directors of corporation, on the ground he falsely "represented to [employee] that if she would agree to become an employee of his corporation, he would issue shares of stock in [corporation] to her." The jury

found for employee on Count III, awarding her $45,000. It is this portion of the judgment which is before us on appeal.

■ At the trial, employee testified Hoffmann promised her fifty percent of his shares in the corporation after three years if she would keep the corporation going for three years and train his daughter in the business. The defense attorney objected to this testimony on the ground it was outside the pleadings. The objection was overruled, and at the close of employee's evidence the trial judge permitted employee to amend Count III of her petition to allege Hoffmann agreed to give employee half his shares in corporation when he retired. Hoffmann's first point on appeal is that the trial court erred in permitting this amendment.

It is a well established principle that the decision of whether or not to permit an amendment is within the sound discretion of the trial court and this "decision will not be disturbed on appeal unless it is shown the trial court palpably and obviously abused its discretion." *Consumers Oil Co. v. American Nat. Bank,* 713 S.W.2d 598, 600 (Mo.App.1986). "A party objecting to the exercise of this discretion must demonstrate that the trial court's action prejudiced his case." *Tripp v. Harryman,* 613 S.W.2d 943, 947 (Mo.App.1981).

We find no abuse of discretion in this case. Employee's original petition alleged a misrepresentation by Hoffmann concerning the transfer of stock and Hoffmann never attempted to obtain a more definite statement pursuant to Rule 55.27(d). *See Jordan v. Barham,* 466 S.W.2d 160, 163[1] (Mo.App.1971). The record discloses the attorney for the defense exercised his opportunity to cross-examine employee about her allegations and produced the testimony of Hoffmann denying the allegations. Although Hoffmann contends he was prejudiced by employee's reliance on new facts on the day of trial, he, at no point, requested a continuance to enable him to better deal with the issues presented. Under these circumstances, we cannot accept Hoffmann's broad assertion that the prejudice to him by the allowance of the amendment was "patent."

■ In his second point, Hoffmann asserts there was insufficient evidence, as a matter of law, to support the jury's verdict on Count III, because there was no evidence Hoffmann did not intend to perform the promise at the time he made it.

It has been held that "a promise accompanied by a present intent not to perform is a misrepresentation ... sufficient to constitute actionable fraud." *Hohenstreet v. Sterling Nat. Land Co.,* 706 S.W.2d 80, 84 (Mo.App.1986) (quoting, *Sofka v. Thal,* 662 S.W.2d 502, 507 (Mo.banc 1983). Hoffman is correct in his assertion that a failure to perform alone is not sufficient to establish the intent of the promissor at the time the agreement was made. However, employee also introduced evidence of Hoffmann's manner of conducting business both before and after their agreement. *See Bauer v. Adams,* 550 S.W.2d 850, 853[8] (Mo.App. 1977) (plaintiff can prove intention by circumstantial evidence from which intent can be inferred); *see also Blakeley v. Bradley,* 281 S.W.2d 835, 839[2] (Mo.1955) (fraud can be shown by evidence of similar transactions in a continuous, systematic course of dealing).

There was evidence to show: Hoffmann had improperly fired employee in the past thereby causing her to lose a large sales commission which she had earned; he had manipulated the inventory and profits of the corporation to increase his share in the corporation's profit-sharing/pension plan; he had kept his promise to employee a secret so he would be able to secure rights in shares owned by other shareholders; and as majority shareholder and Chairman of the Board, he failed to honor the terms of the written contract with employee.

In this case, the evidence of Hoffmann's conduct prior to and subsequent to the agreement was sufficient to create a question of fact for the jury. Therefore, the question of Hoffmann's intent at the time the promise was made was an issue for the

jury to decide. *See Essex v. Getty Oil Co.,* 661 S.W.2d 544, 550 (Mo.App.1983).

JUDGMENT AFFIRMED.

PUDLOWSKI, C.J., and REINHARD, J., concur.