JOHN B. SMITH, Plaintiff-Respondent, v. ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, Defendant-Appellant, No. 43523—259 S. W. (2d) 692.

Court en Banc, July 13, 1953.

Mattingly, Boas & Richards and Lloyd E. Boas for appellant.

James R. Anderson for respondent.

CONKLING, C. J.—After plaintiff John B. Smith had recovered a judgment in the circuit court for $1500, against defendant St. Louis Public Service Company, for personal injuries sustained in an automobile collision with a streetcar, the defendant appealed to the St. Louis Court of Appeals. That court ordered the judgment reversed and the cause remanded for new trial, 252 S. W. (2) 83. Upon defendant's petition therefor, we ordered the cause transferred here to examine the opinion of the Court of Appeals with respect to the propriety of that court's order to remand the cause for new trial. The facts appear in the Court of Appeals opinion. We need not here restate them.

In his petition plaintiff pleaded several assignments of primary negligence and also a violation of the humanitarian rule in that defendant failed to sound a warning of the approach of the streetcar, slacken its speed or stop the streetcar. After all the evidence had

been received, the defendant offered and the court overruled a motion for a directed verdict; that motion averring that under the law and the evidence the plaintiff was not entitled to recover against defendant upon any theory. Plaintiff abandoned his assignments of primary negligence and asked no instructions submitting any theory of primary negligence. Plaintiff did request and the court gave plaintiff's instruction 1 submitting to the jury the negligence of defendant under the humanitarian rule in the respects above noted.

In its opinion, 252 S. W. (2) 83, the Court of Appeals ruled that under the [693] evidence plaintiff was not entitled to recover from defendant under the humanitarian theory of negligence. When this case was argued here both plaintiff and defendant agree that on this record plaintiff failed to make a jury case on the negligence submitted. We find that the opinion of the Court of Appeals fairly and correctly reflects the facts as shown by the record, and we agree with that court that plaintiff is not entitled to recover from the defendant under the humanitarian rule of negligence. The last paragraph of the Court of Appeals opinion which remanded the case for a new trial is as follows:

"It is a settled practice of appellate procedure that a judgment should not be reversed for failure of proof without remanding, unless the record indicates that all of the facts were fully developed and that no recovery could be had in any event. Lance v. Van Winkle, 358 Mo. 143, 213 S. W. 2d. 401. If there remain in the case issues which have not been determined below, an appellate court will usually order a new trial after reversal. In the particular factual situation present in the instant case, i. e. where plaintiff in a negligence suit pleads several assignments of primary negligence and negligence under the humanitarian doctrine, and at the conclusion of the evidence abandons the assignments of primary negligence and goes to the jury solely on the humanitarian doctrine, the appellate courts in a number of instances have remanded the cause for a new trial where the plaintiff failed to make a submissible case on the humanitarian theory. Elkin v. St. Louis Public Service Co., supra; Ridge v. Jones, 335 Mo. 219, 71 S. W. 2d. 713; Yoakum v. Lusk, Mo. Sup. 223 S. W. 53; Blaser v. Coleman, 358 Mo. 157, 213 S. W. 2d 420. That rule has not been applied where the appellate court is convinced that the plaintiff's course is more a matter of legal strategy than of misadventure, Hunt v. Chicago, M. St. P. and P. R. Co., supra, but nothing appears in this record to indicate that plaintiff, in abandoning the assignments of primary negligence, was attempting to secure a strategic advantage. We are not prepared to say that no recovery could be had in any event and in the interests of justice the judgment of the circuit

court should be reversed and the cause remanded for a new trial, and the Commissioner so recommends.''

Defendant contends that the record in this case conclusively dis-. closes that the evidence was fully developed and that, by his sub-mission, plaintiff abandoned all pleaded assignments of negligence except the humanitarian theory in failing to warn, slacken or stop; that there was a failure of proof of all humanitarian negligence as submitted; and that the holding of the Court of Appeals that under these circumstances the cause should be remanded for new trial, on the abandoned assignments of negligence, because that court was ''not prepared to say that no recovery could be had in any event'' is contrary to the law as previously announced by this court in Guthrie v. City of St. Charles, 347 Mo. 1175, 152 S. W. (2) 91, Hunt v. Chicago, M. St. P. and P. R. Co., 359 Mo. 1089, 225 S. W. (2) 738, and other cases. Defendant further contends that the abandoned assignments of negligence are out of the case; that it is now moot whether there was any substantial evidence to support the abandoned assignments; and that therefore the cause should not have been remanded but should have been reversed outright.

Defendant's brief places its main reliance upon the Guthrie and Hunt cases, supra, but it also calls our attention to Krinard v. Westerman, 279 Mo. 680, [1919] 216 S. W. 938, Karr v. Chicago, R. I. & P. R. Co., 341 Mo. 536, [1937] 108 S. W. (2) 44, 48, Borrson v. Missouri-Kansas-Texas R. Co., 351 Mo. 229, [1943] 172 S. W. (2) 835, and McClanahan v. St. Louis Pub. Serv. Co., Mo. Sup. [1952] 251 S. W. (2) 704; and to three cases by the St. Louis Court of Appeals, to wit, Bean v. St. Louis Pub. Serv. Co., 233 S. W. (2) 782, Bowers v. Columbia Term. Co., 213 S. W. (2) 663, and Schiermeier v. Kroger Groc. & Baking ▇▇ Co., 167 S. W. (2) 967, which defendant contends follow the rule of the Guthrie and Hunt cases.

It is to be noted that of the cases cited in the above quoted last paragraph of the Court of Appeals opinion only two of those cases (Blaser v. Coleman, 358 Mo. 157, 213 S. W. (2) 420, and Hunt v. Chicago, M. St. P. and P. R. Co., supra) are opinions of this Court en Banc. The other cases cited in the Court of Appeals opinion are Division cases, which need not be now noticed. And of all the above cases only Hunt v. Chicago, M. St. P. and P. R. Co., [1949] Guthrie v. City of St. Charles, [1941] Blaser v. Coleman, [1948] and McClanahan v. St. Louis Pub. Serv. Co., [1952] are opinions of this Court en Banc. And those just above listed Banc cases last considered the question now before us.

It is well settled ''that a decision of the Court en Banc is controlling, not only upon the appellate and all inferior courts, but upon the divisions of the Supreme Court as well. * * * Although

the decision of a division of the court upon a given question is later in point of time than a decision of the Court en Banc upon the same question, the decision of the Court en Banc is nevertheless the controlling decision. If there is conflict between the later divisional opinion and the earlier decision of the Court en Banc, it is the duty of all inferior courts, including the divisions of the Supreme Court itself, to follow the decision of the Supreme Court en Banc." State ex rel. Hopkins v. Daues et al., 319 Mo. 733, 6 S. W. (2) 893, 896[1], Poe v. Ill. Cent. R. Co., 339 Mo. 1025, 99 S. W. (2) 82, 84[2].

For reasons above appearing we come then to a consideration of the cases by the Court en Banc which last considered this question. The earliest of the four above mentioned Banc cases is Guthrie v. City of St. Charles, supra, decided in 1941. In that case, the Court en Banc said:

"When the defendant in his motion for new trial and on appeal renews his exceptions to the overruling of his demurrer to the evidence, it must be understood by everyone that the complaint is directed to the assignments still in the case. Whether the others were supported by substantial evidence has become a moot question. The plaintiff has waived his rights under them. Appellate courts should not be required to search the whole record to find out whether the demurrer was properly overruled because there was evidence sustaining some assignment afterwards discarded. Neither should they be compelled to affirm the judgment on such purely technical grounds when there is no evidence to support it."

In Hunt v. Chicago, M. St. P. and P. R. Co., supra, [1949] plaintiff pleaded and proved specific acts of primary negligence but, abandoning all such negligence, submitted his case to the jury upon the humanitarian doctrine and recovered a verdict for $15,000 damages for personal injuries. Sustaining defendant's after trial motion, the trial court set aside plaintiff's judgment and entered judgment for defendant holding the evidence did not warrant the humanitarian submission. Plaintiff appealed and here contended that, in any event, we should not affirm the judgment appealed from but should reverse and remand to permit plaintiff to try his case anew and to submit his cause to another jury upon his other assignments of primary negligence theretofore abandoned. The court held plaintiff made no jury case under the humanitarian rule of negligence. In further holding that there was nothing before us in that record to warrant or support an order remanding the case for a new trial, we said that plaintiff:

"* * * chose to abandon all grounds of primary negligence and go to the jury solely on the humanitarian negligence. Nor is there the slightest suggestion that the facts were not fully

developed. \* \* \* Where a party has got [had] the benefit of presenting his evidence on all his pleaded assignments to the jury, and of thereby impressing their minds with the magnitude of his adversary's dereliction; ▓▓▓▓ and then deliberately chooses to restrict the submission to one issue because he believes that is to his advantage—such a course is more a matter of legal strategy than of misadventure.''

In Blaser v. Coleman, supra, [1948] plaintiff pleaded and proved a submissible case of primary negligence, but submitted humanitarian negligence, and we held that we could not there say that plaintiff was guilty of contributory negligence as a matter of law. We there ruled that the submitted negligence under the humanitarian rule did not apply at all to those facts. However, this court there held that under circumstances there existing we had the discretion to remand that case for a new trial. The Blaser opinion did not mention our prior opinion in Guthrie v. City of St. Charles, supra, but did note three division cases, Yoakum v. Lusk, Mo. Supp. 223 S. W. 53, Ridge v. Jones, 335 Mo. 219, 71 S. W. (2) 713, and Elkin v. St. Louis Public Service Co., 335 Mo. 951, 74 S. W. (2) 600, all three of which the Court of Appeals cited in its opinion in this case. In the Blaser case it was apparent that counsel for plaintiff and the trial court had improperly viewed the law, and that the case was tried by the parties and submitted by the court upon a patent misunderstanding of the basic concepts of the humanitarian doctrine. Clearly it was a misadventure upon a mistaken legal theory as to the extent of that doctrine and no question of legal strategy was involved. Under the above circumstances of the Blaser case we remanded it for new trial. But the circumstances of the Blaser case are not present here. And the remand of the Blaser case does not rule the instant case.

We come now to the question which is determinative of the issue before us. Does the disposition made by us in McClanahan v. St. Louis Public Service Co., supra, decided in 1952, as to the remand of that case, overrule the prior 1949 banc holding on that question, as determined in Hunt v. Chicago, M. St. P. and P. R. Co., supra? For reasons hereinafter stated we hold that it does not. The circumstances of those two cases quickly distinguish them.

The facts of the McClanahan case disclose that a ten year old boy was clinging to the handholds on the outside of a moving streetcar. Plaintiff alleged and proved that defendant's streetcar operator knew of the boy's position there and neither stopped nor slackened the car's speed but directed the boy to get off; and that when the latter did not do so the operator intentionally increased the speed and violently jerked the streetcar and threw the boy off the car to the street and injured him. Plaintiff's case was there submitted to the jury upon the humanitarian theory of negligence hypothesizing

that the boy was in imminent peril, that the operator saw him in such peril and caused the car to jerk and throw the boy off. In a number of cases decided prior to the McClanahan case, and listed at 251 S. W. (2) 1. c. 706, this court and the courts of appeals had held the humanitarian doctrine to be "applicable to situations wherein a plaintiff could have been in imminent peril only because of something defendant was about to do, and, when defendant did it, plaintiff's injury almost immediately ensued." And it was in reliance upon those just above referred to previously adjudicated cases that plaintiff and the trial court submitted the McClanahan case upon the humanitarian theory of negligence.

But in the McClanahan case we held that those previously adjudicated cases had wrongly ruled the humanitarian doctrine to be applicable to the facts of those cases. So plaintiff's submission of the McClanahan case upon the humanitarian theory of negligence, although fortified by our previous rulings at the time it was so submitted, was in fact an unfortunate legal misadventure, and we therefore deemed the McClanahan case a situation for the exercise of our discretion to remand. We think those circumstances clearly distinguish the McClanahan case from the Hunt case.

The facts and circumstances of this instant case distinguish it from the peculiar situations which existed in Blaser v. Coleman and McClanahan v. St. Louis Public Service Co., and bring this case within the rule of Hunt v. Chicago, M. St. P. and P. R. ▮ Co., supra. In this case, as in the Hunt case, plaintiff voluntarily abandoned all grounds of primary negligence and chose a submission wherein the jury could be (and were) authorized to find for plaintiff in plaintiff's instruction 1 upon humanitarian rule issues "even though you may further find and believe from the evidence that plaintiff was guilty of negligence which directly contributed to cause the collision." Thus did this plaintiff avoid with the jury the penalties of his own negligence in driving the automobile onto the streetcar track just immediately in front of the approaching streetcar and in failing to see the streetcar until it was within 2 or 3 feet of the automobile. Such negligence of plaintiff would bar his recovery upon any theory of primary negligence. We think this record clearly shows that plaintiff, in abandoning his primary negligence assignments, did so to secure the strategic advantage of avoiding the hazard of meeting the defense of contributory negligence. Where plaintiff chooses to submit upon but one issue and that submission is so greatly to plaintiff's advantage, such submission is not mere misadventure. On the contrary it must be concluded that the hazards and consequences were weighed and that counsel committed his client's cause to the humanitarian submission for a definite strategic reason. Of course plaintiff's counsel had a right to do that.

But under such circumstances we cannot conclude that it was not done for strategic advantage.

We must hold that under the above circumstances whether plaintiff's abandoned assignments of primary negligence were supported by substantial evidence is now a moot question as to all of which plaintiff has waived whatever rights he had.

There has been no suggestion here that the facts of this case were not fully developed. And a careful reading of the transcript of the record now before us in this cause makes it clear that the facts were fully developed.

Upon this question of when and under what circumstances an appellate court will remand a cause for retrial, the decisions clearly indicate and it must be held that no hard and fast rule may be written but that each case will be determined upon its own facts. However, where it appears (as here) that a counsel has committed his client's cause by choosing to restrict the submission to one issue because such appears to his strategic advantage in the trial of the case, the cause should not be remanded for new trial. As was well stated by our learned Brother Ellison, in an exhaustive review of the Missouri cases, in Borrson v. Missouri-Kansas-Texas R. Co., supra, "* * * it is obvious a party should not always be granted a remanding of a cause for successive trials in order that he may experiment with different theories of his adversary's liability. The latter has some rights."

We find nothing in the record before us which would support or warrant an order remanding the case for new trial.

The judgment of the circuit court is therefore reversed without remand. It is so ordered. All concur.