ROBERT MCDONALD, Appellant, v. CHESTER LOGAN and JACK BOYD CALHOUN, Respondents, No. 43579—261 S. W. (2d) 955.

Division Two, November 9, 1953.

*J. Dorr Ewing, Price Shoemaker* and *Elmer E. Reital* for appellant.

*Beavers' Law Firm* and *Ellis Beavers* for respondents.

WESTHUES, C.—This case grew out of a head-on collision between two trucks on Highway 46, about a quarter of a mile east of Grant City, Missouri. Harold Walker was driving a truck loaded with lime west on the highway and the defendant, Jack Boyd Calhoun, was driving a truck which had been converted into a school bus eastwardly on the highway. Fortunately, Calhoun was the only occupant of the bus. Plaintiff Robert McDonald was the owner of the lime truck and the defendant Chester Logan the owner of the bus. McDonald filed suit for damages to his truck asking judgment for $1,500 against Logan, the owner, and Calhoun, the driver, of the bus. Logan filed a counterclaim whereby he sought $1,050 as damages to the bus. Calhoun filed a counterclaim wherein he asked actual damages in the sum of $50,000 for personal injuries and $20,000 punitive damages. Plaintiff claimed Calhoun was negligent in driving the bus on his left or north side of the highway while the defendants claimed Walker, the driver of the lime truck, was negligent in driving on his left or the south side of the highway. The collision occurred at about the center of the roadway which was about 20 feet wide and paved with "black top." A trial resulted in a verdict against plaintiff on his claim and also against the defendants on their counterclaims. The defendants filed a motion for new trial which the trial court sustained on the ground that the court erred in giving an instruction (No. 12) which will be considered later in the opinion. Plaintiff McDonald appealed from the order granting a new trial.

When the case was argued in this court, our appellate jurisdiction was questioned. From our statement of the case, it will be noted that the defendant Calhoun by his counterclaim asked for $50,000 actual and $20,000 punitive damages, and defendant Logan's counterclaim was for $1,050. The jury returned a verdict denying these claims. The trial court by granting the defendants a new trial reinstated the claims of Calhoun and Logan. The amount in dispute is, therefore, the amount claimed by the defendants. 21 C.J.S. 668, Sec. 409; Johnston v. Ramming, 340 Mo. 311, 100 S.W. (2d) 466; Powell v. St. Joseph Ry., Light, Heat and Power Co., 336 Mo. 1016, 81 S.W. (2d) 957; Sofian v. Douglas, 324 Mo. 258, 23 S.W. (2d) 126, l.c. 128 (1); Craton v. Huntzinger, Mo., 187 S.W. 48, l.c. 50 (1).

The question of our jurisdiction with reference to the amount involved was discussed in a recent case handed down by this court, Jameson v. Fox, 364 Mo. 237, 260 S.W. (2d) 507. In that case which we transferred to the Springfield Court of Appeals there was a different

situation from that in the case before us now. In the Jameson case there were two plaintiffs and one defendant. By the verdict of the jury each plaintiff was awarded $500. The jury found against the defendant on his counterclaims of $15,000 and $10,926.50. His motion for a new trial was denied, therefore, his counterclaims were not reinstated as was done in the present case. The defendant appealed. This court held since plaintiffs' claims and the defendant's counterclaims could not both exist, the issue on the appeal was the correctness or validity of the plaintiffs' judgments which amounted to only $1,000. Our present case comes within the rule stated in Sofian v. Douglas, and Craton v. Huntzinger, supra. We hold that this case was properly appealed to this court.

The only question presented on this appeal is whether the trial court's order granting a new trial because of the giving of instruction 12 can be sustained. A brief statement of the case will be sufficient.

Highway 46 is an east-west road. The collision occurred at a place where the road curves to the north. Walker, the driver of the lime truck, testified that as he was driving westerly at a speed of 35 to 40 miles per hour and as he was in the curve of the road east of Grant City, he noticed the bus coming east. He stated that the bus was partially to the north of the center of the roadway. His version as to how the collision occurred is as follows:

"Q. Now, just in your own way you tell the jury what happened as the distance between you and Calhoun began to close in. What did you do?

"A. I applied the brakes on the truck and remained on my side of the road until I got close to Calhoun and after I seen he was not going to do anything about getting on his own side of the road I swerved to the left, to the south, to try to miss Calhoun.

"Q. What, if anything, did Mr. Calhoun do at that time?

"A. Calhoun, when I first applied my brakes, he never seemed to be doing anything. He just remained coming right up the wrong side of the road, the north side of the road, until I got within 50 feet of him, of Calhoun, and I started to make the movement to miss him, on the wrong side of the road, and he actually made a movement and tried to get back on his own side of the road."

Calhoun testified that he was driving about 35 to 40 miles per hour and that he at no time drove his bus to the north of the center of the road; that the lime truck was "cutting the corner." Note his evidence:

"Q. Where were you driving in the highway?

"A. South side of the road.

"Q. And where was he driving in the highway?

"A. Well, he was cutting the corner, coming over on my side.

"Q. Now, as you—just tell the jury what transpired up to the place of the accident?

"A. Well, when I first saw him coming he was pretty well on his side of the road and he just kept cutting it all the way down, until we hit.

"Q. Were you ever on his side of the road?

"A. No.

"Q. Were you ever to the north of the center line of the road?

"A. No.

"Q. Was the sun bothering you?

"A. No."

Plaintiff's evidence was sufficient to sustain a finding in his favor and the defendants' evidence was also ample to support a verdict in their favor. By an instruction, the claim of plaintiff was submitted to the jury on one charge of negligence, namely, that Logan's bus was being driven by Calhoun on the wrong side of the road and not as close to his right-hand side of the highway as practicable. If the jury so found, a verdict for plaintiff on his claim and a verdict against the defendants' counterclaims was directed. The jury was instructed on behalf of the defendants that if Walker was operating the lime truck and did not drive it as near to his right-hand side of the highway as was practicable and negligently drove the truck across the highway and into the bus, the jury should return a verdict for the defendants on their counterclaims and against plaintiff on his claim.

The court of its own motion gave the jury instructions 11 and 13 which read as follows:

"Instruction No. 11

"The Court instructs the jury that if you find for the plaintiff on plaintiff's claim and against the defendants on defendants' counterclaims, your verdict will be in the following form: (Omitting captions)

"'We, the jury, in the above-entitled cause find for the plaintiff on his cause of action and assess his damages in the sum of $............ Dollars.

"'We further find for the plaintiff and against the defendants on defendants' counterclaims.

. . . . . . . . . . . . . . . .

"'Foreman.'"

"Instruction No. 13

"Should your verdict be for the defendants on their Counterclaim and against the plaintiff, it may be in the following form: (Omitting captions)

"'We, the jury, find for the defendant Jack Boyd Calhoun, and award him damages against the plaintiff in the amount of $............, and find for the defendant, Chester Logan, and

award him damages against the plaintiff in the amount of $............

.........................
" 'Foreman'

"And should your verdict be for the defendants and against the plaintiff on plaintiff's petition, it may be in the following form: (Omitting captions)

" 'We, the jury, find for the defendants and against Plaintiff on plaintiff's petition.

.................
" 'Foreman.' "

Instruction 12, given on behalf of plaintiff, which the trial court deemed erroneous and for the giving of which a new trial was granted, reads as follows:

"The court instructs the jury that every person operating a motor vehicle on the highways of this state shall drive the same in a careful and prudent manner, and shall exercise the highest degree of care, and if under the evidence and other instructions given to you in this case, you find that neither the driver of plain-. tiffs' (plaintiff's) truck nor the driver of defendant's school bus was in the exercise of the highest degree of care, if you so find, then your verdict must be for defendants upon plaintiffs' (plaintiff's) claim and for plaintiff upon defendants (defendants') counterclaim (s)."

It will be noted that instruction 12 was the only one which authorized the jury to find against plaintiff on his claim and also against defendants on their counterclaims. The instructions 11 and 13 which gave forms of verdicts did not include a form finding against both plaintiff and the defendants on their respective claims.

Defendants in their brief contend that the evidence did not support the verdict of the jury. Note what they say.

"There was but one collision and but a single set of circumstances existing. Calhoun was on one side of the road or on the other—not both. Walker was either exercising the highest care or he was negligent—not both."

Walker, of course, was either negligent or he was exercising due care. However, Calhoun could have driven his truck so that it was partially on the north side of the road, therefore, on both sides of the road. Also, Walker could have been driving his truck partially on the south side of the road. In fact, a jury was justified in finding from the evidence that both Calhoun and Walker were negligent. We cannot see anything inconsistent in such a finding. Instruction 12 was, therefore, correct in so far as it authorized the jury to find against plaintiff on his claim and also against the defendants on their claims.

The trial court held that instruction 12 "submitted the issue of contributory negligence which was not raised by the pleadings."

To this we cannot agree. Neither plaintiff nor the defendants by any pleading charged contributory negligence and, therefore, such a defense was not an issue in the case. Plaintiff cites the case of Shaw v. Wilcox, Mo. App., 224 S.W. 58. In that case the facts were somewhat similar to those in the present case, that is, a head-on collision with the result that plaintiff claimed damages and the defendant filed a counterclaim. A jury by its verdict denied both claims. The court held such a verdict was justified. An order sustaining a motion for new trial was affirmed because an instruction injected contributory negligence on a charge of negligence not pleaded in the cross claim; that was failure of plaintiff to stop. In this case we do not have any such situation. Instruction 12 does not mention any specific charge of negligence. It refers to other instructions in the following manner: "and if under the evidence and other instructions given to you in this case, you find that neither the driver of plaintiffs' (plaintiff's) truck nor the driver of defendant's school bus was in the exercise of the highest degree of care, if you so find, then your verdict must be for defendants upon plaintiffs' (plaintiff's) claim and for plaintiff upon defendants (defendants') counterclaim (s)." Instruction 1 authorized a verdict for plaintiff if the jury found Walker was exercising the highest degree of care while driving his truck and that Calhoun drove the school bus to the left of the center of the highway and thereby caused the collision. The jury under that instruction may have found that Calhoun was negligent but were unable to find that Walker was exercising the highest degree of care. The same may be said of the submission of the defendants' counterclaims. Instruction 8 informed the jury that if Calhoun was driving the school bus on the south side of the highway and that Walker drove his truck across the center and ran into the bus, then a verdict for ▮▮▮ defendants was authorized. Here again, the jury may have believed that Walker drove the truck across the center of the highway and was negligent and thereby contributed to the collision. However, the jury may also have found that Calhoun drove the school bus to the left or north side of the road and was also negligent. In such a situation the jury could not find for the defendants. The only recourse the jury had in such a case was to follow the instruction No. 12 complained of by defendants. We hold the instruction did not inject contributory negligence into the case.

▮▮ The trial court also held instruction 12 to be vague, confusing, and misleading; that it "gave the jury a roving commission without confinement to the fact issues in said case." Instruction 12 referred the jury to other instructions. It was not necessary to repeat in instruction 12 all of the fact issues presented in plaintiff's instruction 1 and defendants' instruction 8. In fact, such repetition would have been confusing. Mavrakos v. Mavrakos Candy Co., 359 Mo. 649, 223 S.W. (2d) 383, l.c. 389 (18,19). All of the instructions must be read

together. In doing so, there appears to be no confusion. In fact, if instruction 12 had not been given, the jury would have been at a loss as to what kind of a verdict to return in case the jury found both drivers were negligent. Instruction 12 was no more favorable to the plaintiff than to the defendants. By reading the instruction, it cannot be determined which party requested it to be given.

When a trial court grants a new trial on discretionary grounds, appellate courts as a rule defer to his action. Brandenburg v. Kasparian, 363 Mo. 20, 247 S.W. (2d) 806, l.c. 808 (1,2); Berger v. Podolsky Bros., 360 Mo. 239, 227 S.W. (2d) 695, l.c. 697 (2, 3), 16 A.L.R. (2d) 964; 66 C.J.S. Sec. 201, pp. 484 and 494 (3). However, where an instruction is correct, there can be no discretion in the matter. 66 C.J.S. Sec. 201, 484 and 505 (9); Lukitsch v. St. Louis Public Service Co., 362 Mo. 1071, 246 S.W. (2d) 749, l.c. 750 (1); Mavrakos v. Mavrakos Candy Co., supra, 223 S.W. (2d) l.c. 386 (2-7), and 389 (22); Cooper v. 804 Grand Bldg. Corp., Mo., 257 S.W. (2d) 649, l.c. 655 (7).

We hold instruction 12 not only proper but also that if it had not been given, the jury would not have been fully instructed as to various verdicts authorized under the law and evidence. It follows that the order of the trial court granting a new trial must be set aside. The cause is hereby remanded to the trial court to reinstate the verdict of the jury and to enter judgment accordingly.

It is so ordered. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.