J. A. SIMPSON, Respondent,

v.

The KANSAS CITY CONNECTING RAILROAD COMPANY, a *Corporation*, Appellant.

No. 45590.

Supreme Court of Missouri,
En Banc.

March 10, 1958.

Opinion Modified on Court's Own Motion
April 14, 1958.

Rehearing Denied April 14, 1958.

Wilfred Wimmell, John B. Ewing, Jr., Kansas City, Brenner, Van Valkenburgh & Wimmell, Kansas City, of counsel, for appellant.

Hubbell & Mattes, Kansas City, and Walter A. Raymond, Kansas City, for respondent.

DALTON, Chief Justice.

This cause comes to the writer on reassignment after transfer to Court en Banc and the rejection of an opinion prepared in Division. It is an action for $75,000 damages for personal injuries sustained by plaintiff, a lcomotive engineer employed by defendant. The defendant owned one locomotive and was engaged in the switching and moving of cars in Kansas City, Missouri, and Kansas City, Kansas, at the Kansas City stockyards. Plaintiff fell as he attempted to reboard the locomotive after he had stopped it and dismounted therefrom. He testified that, on December 26, 1950, after he had gotten down from the cab of the locomotive he noticed steam escaping from the boiler check valve or the injector; that he then went to the front end of the engine and was climbing up toward the running board when a big burst of steam came out and hit him in the face, causing him to miss the grabiron with his hand and to fall off backwards, six feet to the ground, and sustain the injuries complained of.

Plaintiff's petition had originally contained allegations stating three grounds of recovery: (a) use on the defendant's line of an unsafe locomotive in violation of the Boiler Inspection Act (45 U.S.C.A. Sec. 23); (b) using the defective locomotive and negligently permitting an "unusual quantity of steam to escape * * * in an unusual manner"; and (c) negligently failing to furnish plaintiff with a reasonably safe place to work in that defendant negligently permitted an unusual quantity of steam to escape in an unusual manner;—grounds (b) and (c) being charges of negligence under the Federal Employers' Liability Act, 45 U.S.C.A. Secs. 51–59.

Plaintiff, on the day of the trial, asked and was granted leave to amend his petition by striking the allegations of negligence under the Federal Employers' Liability Act. The record shows that the proceedings were had in chambers after the pleadings were at issue and, apparently, after the parties had announced ready for trial, since it was immediately before the voir dire examination of the jury panel, as follows:

"Mr. Hubbell: If your Honor please, plaintiff requests leave to amend the petition by striking from paragraph 5 sub-paragraph (b) and sub-paragraph (c), leaving the allegations of paragraph 5(a) in the petition; in other words, Your Honor, we are relying solely upon the Safety Appliance Act regarding the condition of the locomotive.

"Mr. Wimmell: When you say 'Safety Appliance Act' do you mean Boiler Inspection Act?

"Mr. Hubbell: Yes, because the Safety Appliance Act includes the Boiler Inspection Act. * * *

"Mr. Wimmell: * * * and the particular Act you are basing your suit here on is the Boiler Inspection Act?

"Mr. Hubbell: That is right."

The defendant interposed no objection and the permission requested was granted. Plaintiff then offered evidence in support of the allegations remaining in his petition after the mentioned sub-paragraphs had been stricken out. Plaintiff's own testimony was the only evidence on the issue of liability. At the close of plaintiff's evidence it was defendant's theory that the plaintiff had stated himself out of court by his own testimony tending to show that

"at the time of plaintiff's accident defendant's locomotive had reached the place of repair and was not in 'use' or in 'service' on defendant's 'line' within the meaning of the Boiler Inspection Act." Accordingly, defendant presented a motion for a directed verdict in its favor which the court indicated he intended to sustain. Thereupon, the plaintiff requested the court to make an order setting aside the order granting leave to plaintiff to amend its petition by striking therefrom the two grounds for recovery under the Federal Employers' Liability Act, to wit, sub-paragraph (b) and sub-paragraph (c) of paragraph 5. The request to set aside the prior order was accompanied by a statement of purpose, to wit, "so that the plaintiff may proceed upon the basis of allegations contained in said sub-paragraphs (b) and (c) of paragraph 5."

In support of his request, the plaintiff contended that the matter of permitting the pleadings to be amended was "within the jurisdiction and power of the court, and that it would be right for this to be done." Defendant argued, "The case has been tried on the issues that remained after those provisions were stricken. The plaintiff rested and the plaintiff's case has been completed." Plaintiff's request was then denied. Thereafter, the court sustained defendant's motion for a directed verdict and directed the jury to return a verdict for defendant, which was done, and judgment was entered for defendant.

Plaintiff's motion for a new trial in whole or in part was thereafter timely filed and timely sustained to the extent hereinafter stated. The defendant has appealed and assigns error on the action of the court in entering the order for a new trial. Appellant asks that said order be reversed and the cause remanded with directions to the trial court to reinstate the judgment for defendant.

In view of the conclusions we have reached a further review of the testimony offered by plaintiff on the issues involving the alleged violation of the provisions of the Boiler Inspection Act, and the resulting injury and damage to plaintiff, is not required.

A careful review of the record shows that plaintiff by his "motion for a new trial in whole or in part" sought to preserve and assign error on only two orders entered against him during the course of the trial, to wit, (1) the denial of plaintiff's request that the court make an order setting aside the order theretofore made granting leave to plaintiff to amend his petition by striking sub-paragraphs (b) and (c) of paragraph 5 of plaintiff's petition so that the plaintiff could proceed upon the basis of the allegations contained in said sub-paragraphs (b) and (c) of paragraph 5; and (2) the action of the court in sustaining defendant's motion for a directed verdict and thereby holding that plaintiff was not entitled to recover on the evidence presented as to any breach or violation of any of the provisions of the Boiler Inspection Act.

While the court sustained plaintiff's motion for a new trial, as hereinafter stated, on the basis of assignments numbered 7, 12, 13 and 14, we need only set out assignments 7 and 12 and the closing prayer of the motion, as follows:

"7. The court erred and abused his judicial discretion in denying plaintiff the right to reinstate the allegations of his petition as to negligence under the Federal Employers' Liability Act and to develop the evidence on such issues since a new Action under the Act would be barred because the three-year statute of limitations has run since the date of the accident which occurred on December 26, 1950, and the only possible relief for plaintiff is reinstatement of the negligence allegations, or an amendment containing the same, in this pending action; and it is the rule in both the courts of this State and the Federal Courts that amendments will be liberally allowed to prevent a bar by the statute of limitations. * * *

"12. The court erred and abused his judicial discretion in directing a verdict for defendant and entering a final judgment against plaintiff when the evidence already introduced established a case of negligence under the Federal Employers' Liability Act for negligence in failing to exercise proper care to furnish plaintiff a reasonably safe place in which to work and reasonably safe appliances with which to work, although plaintiff had not fully developed the evidence on such issues and requested reinstatement of the allegations of his petition as to such issues and an opportunity to further develop the evidence on such issues. * * *

"Wherefore, plaintiff prays the court to enter an order granting him a whole new trial but if that is not done then he requests that the judgment be set aside as to the issues under the Federal Employers' Liability Act, leave granted to reinstate the allegations in plaintiff's petition as to such issues, and a new trial granted as to the issues of negligence under the Federal Employers' Liability Act."

The order entered by the trial court on plaintiff's motion for a new trial was as follows:

"This court having heretofore heard the arguments of counsel * * * does sustain the assignments in said motion numbered 7, 12, 13 and 14, and grants plaintiff a new trial only as to the allegations of negligence under the Federal Employers' Liability Act referred to in said assignments numbered 7, 12, 13 and 14 of plaintiff's said motion on condition that plaintiff pay all court costs in this cause to date.

"And it now being made to appear to the court that plaintiff has paid the court costs to date in compliance with the order of this court, the judgment heretofore entered herein is hereby set aside and for naught held: plaintiff's motion for a new trial in whole or in part is denied as to assignments 1, 2, 3, 4, 5, 6, 8, 9, 10 and 11, but is sustained as to assignments in said motion numbered 7, 12, 13 and 14 only and the allegations of negligence under the Federal Employers' Liability Act referred to in said assignments and heretofore stricken out of plaintiff's petition by plaintiff by leave of court are hereby reinstated as follows: * * * (subparagraphs (b) and (c) are set out in the order) * * *.

"And now plaintiff is granted a new trial herein only as to the allegations of negligence above set forth and is denied a new trial as to all other issues. * * *."

As stated, the defendant has appealed from the order granting the new trial to plaintiff and the sole issue for decision presented by the appeal is whether the trial court committed reversible error against defendant in granting the new trial. Section 512.020 RSMo 1949, V.A.M.S.

The first point briefed by appellant in this court is that "at the time of plaintiff's accident defendant's locomotive had reached the place of repair and was not in 'use' or in 'service' on defendant's 'line' within the meaning of the Boiler Inspection Act", and that plaintiff did not make a case for the jury under the assignments in sub-paragraph (a) of paragraph 5 of his petition. We need not consider that question on this appeal by defendant. The trial court directed a verdict against plaintiff on that issue and the order granting plaintiff a new trial was not based on any error with reference to the trial court's action in that respect. If the motion for a new trial was correctly ruled on the basis stated in the trial court's order, the order must be affirmed.

■ With reference to the grounds upon which the motion for a new trial was sustained by the trial court, appellant contends that initially the plaintiff, in amending his petition, by voluntarily striking out the allegations of negligence under the

Federal Employers' Liability Act, (b) and (c), and relying upon the absolute liability imposed by the Boiler Inspection Act, sought and gained a strategic advantage and in so doing there was no "misadventure" in the plaintiff's trial theory, and therefore the trial court did not have the discretionary power after thirty days (Sections 510.330, 510.360, 510.370 RSMo 1949, V.A.M.S.) to set aside its judgment and reinstate the stricken grounds and grant plaintiff a new trial on those grounds only.

The record shows that plaintiff filed his motion for a new trial in whole or in part within ten days after the judgment appealed from was entered. The assignments in said motion numbered 7, 12, 13 and 14, complained of the action of the court in refusing to permit plaintiff to reinstate the allegations of negligence under the Federal Employers' Liability Act. This request was made after plaintiff had rested, but before the motion for a directed verdict had in fact been sustained and before any judgment had been entered for defendant. Plaintiff in his motion charged that the court abused its discretion in refusing to make the order setting aside the order granting leave to plaintiff to amend his petition. Plaintiff had sought to reinstate the stricken assignments of negligence under the Federal Employers' Liability Act and to offer evidence thereunder. At the time this request was made the only objection interposed was that the case had been tried on the issues that remained after those provisions were stricken and that plaintiff had rested. No suggestion of prejudice to defendant, if the request had been granted, was shown, nor was there any suggested that defendant had excused any witnesses or was otherwise unprepared to proceed. We have noted that the pleadings were at issue and the trial had been started when the plaintiff was granted leave to strike the mentioned assignments. At the time the request was made it was clearly apparent that serious prejudice to plaintiff would result, if the request was not granted, on terms or otherwise. There was evidence before the court that plaintiff was an employee of defendant engaged in interstate commerce and that on December 26, 1950, he had sustained serious personal injuries while engaged in the performance of the duties of his employment. The record also showed that plaintiff's suit had been instituted on February 27, 1953 and that the cause was being tried February 20, 1956. From the facts before the court it was determinable whether plaintiff would be finally concluded from further proceeding under the Federal Employers' Liability Act, if his request was not granted.

The fact that the court had indicated to plaintiff's counsel that he intended to sustain a motion for a directed verdict, was some evidence that, at the time, the request was made the court realized that plaintiff was proceeding on an erroneous legal theory or else that plaintiff had disappointed his counsel and had testified himself out of court on the theory relied upon. In any case, it was then clearly apparent to the court and counsel that the cause had not been tried under the Federal Employers' Liability Act allegations before that theory was abandoned. Instead, it appeared that plaintiff had only presented his evidence under the assignments applicable to the Boiler Inspection Act and had run into difficulty and was asking the court to set aside the prior order and permit the reinstatement of the prior allegations so that he could proceed with the trial and put in additional evidence with reference to the Federal Employers' Liability Act allegations. The court was confronted with the determination of the issue upon a factual situation resting within his sound judicial discretion. Appellant concedes that "under the statutes of this state the court probably had the authority, *before judgment,* to permit amendment of the petition and reinstatement of the allegations which were abandoned * * *" since "it is settled in this state that a trial court has the discretion to permit amendments to pleadings to be made out of time before final judgment and its discretion in allowing or deny-

ing amendments will not be interfered with by the appellate courts unless the trial court has palpably abused its discretion." Appellant cites Dyer v. Harper, 336 Mo. 52, 77 S.W.2d 106, 109 and other cases.

In the present case the court denied the request for amendment and thereafter sustained the motion for directed verdict and entered judgment for defendant, but within the time allowed by law the plaintiff filed his motion for a new trial expressly charging that the trial court had, under the factual situation then and there existing at the time, abused its discretion in denying the request for amendment.

■ Appellant further contends, as stated, that, "while the trial court may have had the power and discretion under Supreme Court Rule 3.25 and Section 510.-370 of the statute to set aside this judgment within 30 days after entry of the judgment, it did not have the power or discretion to set such judgment aside after the 30 days had passed for the reason that it is well established in this state that, after the 30 day period has elapsed, the power of a trial court to grant a new trial is discretionary only as to questions of fact and matters affecting the determination of issues of fact and is to be exercised only where there is error with respect to such matters so that the judgment is erroneous," citing Cooper v. 804 Grand Bldg. Corp., Mo. Sup., 257 S.W.2d 649; Schipper v. Brashear Truck Co., Mo.Sup., 132 S.W.2d 993, 125 A.L.R. 674, and other cases.

The above cases are also cited as holding that, while "trial courts have wide discretion in passing on motions for a new trial where there is error in the record, * * * yet the power of the trial court to grant a new trial is discretionary only as to questions of fact and matters affecting the determination of issues of fact. There is no discretion in the law of a case, nor can there be an exercise of sound discretion as to the law of a case." Cooper v. 804 Grand Bldg. Corp., Mo., 257 S.W.2d 649, 655.

The judgment appealed from was entered February 21, 1956, the motion for a new trial was filed March 1, 1956, and it was sustained April 17, 1956. It was sustained upon the basis of the specific grounds stated in the motion, to wit, on the grounds set forth in assignments 7, 12, 13 and 14 of the motion. These assignments had carried over the authority of the court to set aside the judgment on the basis of these assignments, until the court ruled thereon, on April 17, 1956, and within 90 days after it was filed. The motion having been timely filed the judgment was not final until the disposition of the motion by action of the court or the lapse of time, 90 days. Sections 510.340 and 510.360 RSMo 1949, V.A.M.S.; Supreme Court Rule 3.24. While at the time the motion for a new trial was ruled, the 30 day period had elapsed (Supreme Court Rule 3.25), the trial court still retained jurisdiction to rule the motion on the discretionary grounds stated therein. Stroh v. Johns, Mo.Sup., 264 S.W.2d 304, 307, 308.

In support of the contention that "regardless of what the court could or could not have done at the time of the trial," the court had no power to set aside a valid judgment and grant a new trial "to permit amendment of the petition and trial of new issues," the appellant reviews Sections 509.490 and 509.500 RSMo 1949, V.A.M.S., with reference to the amendment of pleadings. Appellant repeatedly refers to the judgment as a valid judgment, not subject to being set aside. But if the trial court was correct in ruling the motion for a new trial, error inhered in the judgment that it set aside, the error was prejudicial to plaintiff and there had been no valid judgment. Appellant says that the latter statute "permits amendments, 'even after judgment' only where the amendment of the pleadings is necessary to conform the pleadings to the evidence."

It is apparent that appellant overlooks the fact that the order of the court sustaining the motion for a new trial in

part, sustained it upon the basis of error committed in the course of the trial, since in sustaining the motion and setting aside the judgment, the court held that it had in fact abused its discretion in overruling plaintiff's request, which had been made prior to the entry of the order sustaining the motion for directed verdict and prior to the entry of the adverse judgment. We are not here concerned with any of the subsequent orders of the trial court after the order sustaining the motion for a new trial, since appellant has appealed and could only appeal from the order granting the new trial. Section 512.020 RSMo 1949, V.A.M.S.

 Appellant further contends that it cannot now be claimed that the court's refusal, in the course of the trial to permit the amendment, was an abuse of discretion. Before ruling this contention, other matters must be considered. We have seen that the court sustained the motion for a new trial upon assignments numbered 7, 12, 13 and 14. Some of these assignments have been hereinbefore set out. In so sustaining the motion for a new trial the trial court held that it had abused its discretion in overruling plaintiff's request to amend. Was this order such an abuse of the court's discretion that this court on this appeal by defendant can properly set the order aside and direct that the original judgment be reinstated? The motion was clearly sustained upon a discretionary ground stated in the motion and the court had jurisdiction to sustain the motion on such a discretionary ground. Stroh v. Johns, supra, 264 S.W.2d 304, 307. In such case, the appellate courts will usually defer to the trial court's action. Brandenburg v. Kasparian, 363 Mo. 20, 247 S.W.2d 806, 808; McDonald v. Logan, 364 Mo. 382, 261 S.W.2d 955, 959. Further, when a motion for a new trial is sustained and the relief requested is granted, an appellate court in reviewing the action of the trial court and in considering the grounds stated in the motion upon which the action is based, will be

more liberal in upholding the trial court's action, than it would be if it were reviewing the same matters when considering an appeal from a judgment entered after a motion for a new trial has been overruled. See Teague v. Plaza Express Co., 356 Mo. 1186, 205 S.W.2d 563, 566; Stroh v. Johns, supra, 264 S.W.2d 304, 307.

In further support of the contentions that the court did not abuse its discretion in refusing to permit the amendment of pleadings in the course of the trial and that the court had no discretionary power to set the judgment aside after 30 days and grant a new trial, appellant, as we have seen, insists that the purpose of plaintiff's action in amending the petition before trial was to gain a "strategic advantage" and that there was no "misadventure" in plaintiff's trial theory. Appellant particularly relies upon Hunt v. Chicago, M., St. P. & P. R. Co., 359 Mo. 1089, 225 S.W.2d 738, and Smith v. St. Louis Public Service Co., 364 Mo. 104, 259 S.W.2d 692. We think these cases have no application here. They deal with the exercise of discretion in the appellate court and not in the trial court. In neither of the mentioned cases had the defendant appealed, as here, from an order of the trial court granting a new trial to plaintiff on account of a ruling made by the trial court in the course of the trial, which action the court had subsequently determined to be erroneous and an abuse of a sound judicial discretion. And see 510.330 RSMo 1949, V.A.M.S.; Supreme Court Rule 3.22 and 3.27.

Appellant argues the allegations were stricken by plaintiff "because of the strategic advantage he gained in doing so," and that thereby "plaintiff deprived defendant of the defense of contributory negligence, one of defendant's principal defenses." Of course contributory negligence might affect the amount of recovery under the Federal Employers' Liability Act, but that cause was not tried. It has been noted that the allegations (b) and (c) were stricken before the voir dire examina-

tion of the jury and not after the evidence on all issues had been fully developed. It was not an election after the facts had been fully developed and all the evidence was in or after plaintiff had had the benefit of all the evidence. The cause was not tried to a jury on the basis of the allegations in sub-paragraphs (b) and (c). Appellant also argues that "plaintiff's attorneys undoubtedly felt that it was to their advantage to stand on the petition upon which the case was tried and to appeal the adverse judgment." The record does not sustain that contention, because before the cause was finally submitted the plaintiff's attorneys had asked for relief and were seeking to escape the trap into which they had fallen. The request was denied in the course of the trial and not after an adverse ruling had actually been entered of record, or after a judgment had been entered thereon. After the request was denied, there was nothing left for plaintiff to do, but to let judgment go against him and to move for a new trial, as was done. No other adequate relief was available. It wasn't a case of plaintiff having elected to stand, but of being required to stand.

Appellant further says that "it should not be assumed that plaintiff could make a case under the negligence allegations which were abandoned." There is no contention that plaintiff did not state a case under the Federal Employers' Liability Act and appellant has shown no good grounds for assuming that plaintiff cannot make a submissible case under that Act, and there is no suggestion that the evidence in support of the abandoned assignments was fully developed.

■ We do not find that plaintiff's action in striking sub-paragraphs (b) and (c) was taken to gain "strategic advantage" or that it so resulted. It was a "misadventure" resulting from a mistaken idea of the facts, or a misunderstanding of the applicable law or of surprise, perhaps as to a witness's testimony. In any event, subse-

quently, the trial judge concluded that he had abused his discretion in denying plaintiff the permission sought, and he granted a new trial. The burden of showing that the trial court abused its discretion in granting the new trial rested upon appellant, the complaining party. Bierman v. Langston, Mo.Sup., 304 S.W.2d 865, 868 (7). And see Ryan v. Campbell "66" Express, Mo.Sup., 304 S.W.2d 825, 827(2).

■ We do not find that the court abused its discretion in granting a new trial, rather we think the order of the trial court granting a new trial, under the facts shown, conforms to the general rule stated in Houfburg v. Kansas City Stock Yards Co., Mo.Sup., 283 S.W.2d 539, 547(16), a rule often applied even in appellate courts. And see Snyder v. Jensen, Mo.Sup., 281 S.W.2d 819, 824(6); Homfeld v. Wilcoxon, Mo.Sup., 304 S.W. 2d 806, 811(6, 7).

The order granting a new trial is affirmed and the cause remanded.

All concur, except EAGER, J., who concurs in result.

On Motion for Rehearing

PER CURIAM.

■ The defendant-appellant, who appealed from the order of the trial court granting a new trial to plaintiff on the issues of negligence under the Federal Employers' Liability Act, has filed no motion for a rehearing against the order and judgment of this court affirming the order of the trial court granting the new trial to plaintiff, but the plaintiff-respondent has filed a motion for rehearing and again asks this court to sustain the order of the trial court upon another and additional ground, to wit, on the ground that the trial court erred in denying a new trial to plaintiff on the issues under the Boiler Inspection Act and to hold that a new trial was properly granted to plaintiff for that additional reason. Re-

spondent urges that under the general rule of affirming orders granting new trials on any theory shown by the record, regardless of the reason or theory given by the trial court, respondents in other cases have been permitted to urge grounds and theories impliedly or expressly denied by the trial court when it granted the new trial. See Craton v. Huntzinger, Mo.Sup., 187 S.W. 48, 53; Thurman v. Wells, Mo.App., 251 S.W. 75, 77; Foley v. Union House Furnishing Co., 228 Mo.App. 1063, 60 S.W.2d 725, 729; Kersten v. Hines, 283 Mo. 623, 223 S.W. 586, 589; Smith v. Kansas City Public Service Co., 328 Mo. 979, 43 S.W.2d 548; 66 C.J.S. New Trial § 84, p. 263. Compare: Sapp v. Key, Mo.Sup., 287 S.W.2d 775, and Williams v. Kansas City, Mo.Sup., 274 S.W.2d 261. However, it is only where the appellate court finds the trial court erred in denying a new trial on the ground urged that the appellate court's holding, on such issue, would support the order of the trial court granting the new trial. Where the appellate court agrees with the trial court in not granting a new trial on certain specified grounds and agrees with the trial court on the reasons assigned for granting a new trial, it is unnecessary for the appellate court, on an appeal by the defendant from an order granting plaintiff a new trial, to review or determine issues, which if determined in the manner the appellate court would determine them, would not support the order granting a new trial to the plaintiff.

In this case, respondent argues that plaintiff was entitled to a new trial on the issues under the Boiler Inspection Act, as well as on the issues under the Federal Employers' Liability Act; and that *a holding to that effect* would further support the order granting the new trial to plaintiff. We fully agree with the last statement, but if, on the other hand, this court is of the opinion that the trial court was correct in not granting plaintiff a new trial on the Boiler Inspection Act issues, a ruling on that issue is unnecessary to a determination of the issues presented by the appeal and need not be ruled. A divisional opinion supporting the order granting a new trial on the theory mentioned by respondent failed of adoption by the unanimous vote of the court en banc and a ruling on that issue would not support the order of the trial court granting the new trial to plaintiff, hence we do not rule it here.

Respondents' motion for rehearing, or in the alternative for modification and clarification of opinion is overruled.