**ALBERS MILLING COMPANY, a corporation, Plaintiff-Appellant,**

v.

**Marvin CARNEY and Opal Carney, Defendants-Respondents.**

No. 7837.

Springfield Court of Appeals.

Missouri.

May 2, 1960.

Robert Stemmons, Mount Vernon, for plaintiff-appellant.

Edward V. Sweeney, Monett, for defendants-respondents.

STONE, Presiding Judge.

Our present consideration of this case is upon the motion of Marvin and Opal Carney, defendants-respondents, to transfer to the Supreme Court of Missouri. Plaintiff, Albers Milling Company, instituted this suit on account for $5,024.28 "for feed, merchandise and medicine sold and delivered by plaintiff to defendants and money loaned and advanced by plaintiff to and for defendants." Briefly stated, plaintiff's sales and advances were made in response to defendants' written "Application for Turkey Financing" and in connection with the rearing of 10,400 poults on defendants' farm in Barry County, Missouri. In their second amended answer and counterclaim (on which the case was tried), defendants set up an agreement with plaintiff, the substance of which was that plaintiff would advance funds to purchase the poults (which plaintiff admittedly did in the sum of $7,-384) and would furnish or pay for the feed and medicines needed to rear them, that defendants would provide the necessary land and labor, and that the proceeds derived from marketing the turkeys would be applied first in reimbursement of plaintiff for all feed and medicines furnished and for all advances made, with the balance of the proceeds, if any, to go to defendants but with the loss, if any, to be borne by plaintiff. It was averred that plaintiff received all monies realized from sale of the turkeys, and that, even though the proceeds of sale were insufficient to reimburse plaintiff fully, defendants were not liable for the deficiency. Defendants further alleged in their said answer and counterclaim that, but for (a) "plaintiff's negli-

gence and wrongful conduct" in furnishing unwholesome, impure and inferior feed to defendants, in failing to inspect or test such feed, in failing to warn defendants of the condition of such feed, in refusing to permit defendants "at the onset of illness in the flock * * * to sell the healthy birds remaining" but directing and requiring defendants to give "expensive medicines" which were "ineffective," and in delaying the movement of the turkeys to market when they were ready for sale, and (b) "plaintiff's breach of warranty" as to the feed furnished, defendants would have marketed their turkeys for not less than $50,000 and, *after allowing credit for all the moneys which plaintiff claims to have been due and owing it,"* would have realized a net profit of $8,196.47 for which defendants prayed judgment.

Hamstrung and hog-tied by adverse trial rulings (whether rightly or wrongly we should not and do not hazard even a judicial guess), defendants' counsel thrashed about valiantly in an effort to establish the counterclaim and, at the close of the evidence, sought an instruction on the counterclaim. But, plaintiff's motion for a directed verdict on the counterclaim, although first refused, later was given; and, pursuant to the court's direction, a verdict for plaintiff and against defendants was returned on the counterclaim. On its petition, plaintiff had a nine-man jury verdict for $3,000. In due time, defendants filed their motion for a new trial on both plaintiff's petition and defendants' counterclaim, which the court thereafter sustained "on all grounds." Plaintiff's appeal is from this order sustaining defendants' motion for new trial, as well as from the order of the same date overruling plaintiff's after-trial motion for entry of judgment on its petition for the full amount sought, i. e., $5,024.28, in accordance with plaintiff's motion for directed verdict at the close of the evidence. Section 510.290, RSMo 1949, 31 V.A.M.S. Since plaintiff's notice of appeal was filed in the trial court on October 5, 1959, prior to the effective date of Senate Bill No. 7 enacted by the Seventieth General Assembly in amendment of Section 477.040, RSMo 1949, 27 V.A.M.S., we may not deny the appellate jurisdiction of our Supreme Court if (as defendants assert) "the amount in dispute, exclusive of costs, exceeds the sum of seventy-five hundred dollars." Art. 5, Sec. 3, Const. of 1945, 2 V.A.M.S.

■ It may not be said in the instant case that, in determining the amount in dispute, defendants' counterclaim should be disregarded because of abandonment during trial [contrast Palmer v. Lasswell, Mo. App., 279 S.W.2d 535, 537(5)] nor because of failure to assign error with respect thereto in defendants' motion for new trial [contrast Nickels v. Borgmeyer, Mo., 256 S.W. 2d 560] nor because of plaintiff's failure to appeal from the order granting a new trial on the counterclaim [compare Jackson v. Merz, 358 Mo. 1212, 219 S.W.2d 320, 321 (3)]; and, although we are mindful of the possibility that the appellate briefs (when filed) may not preserve and present any live appellate issue as to the counterclaim in which event the jurisdictional merry-go-round would redeposit the unwilling riders litigant on our stoop [Heuer v. Ulmer, Mo., 273 S.W.2d 169; Haley v. Horwitz, Mo., 286 S.W.2d 796, 797(1)], we have neither right nor reason to borrow trouble and delay for the litigants by anticipating that their appellate briefs will work any such result.

■ The sustention of defendants' motion for new trial reinstated their counterclaim in which (as we have noted) they seek to recover $8,196.47. McDonald v. Logan, 364 Mo. 382, 261 S.W.2d 955, 956 (1); Harris v. Rowden, Mo., 305 S.W.2d 25, 26(1). See also Langhammer v. City of Mexico, Mo., 327 S.W.2d 831, 833(2). With the case in this posture, we have no doubt but that, upon plaintiff's appeal from the order granting a new trial, the amount sought in the counterclaim must be considered in determining the amount in dispute. McDonald v. Logan, supra, 261 S.W.

2d loc. cit. 956(1); Harris v. Rowden, supra, 305 S.W.2d loc. cit. 26(1). See also Byers v. Lemay Bank & Trust Co., 365 Mo. 341, 282 S.W.2d 512, 513(1); Davis v. Hauschild, Mo., 243 S.W.2d 956, 957(1), same case Mo.App., 238 S.W.2d 920; Dawson v. Scott, 330 Mo. 185, 49 S.W.2d 87, 88(1); Luft v. Strobel, 322 Mo. 955, 19 S.W.2d 721, 722(1); Conrad v. De Montcourt, 138 Mo. 311, 39 S.W. 805, 806–807. Furthermore, we observe (although we think this not here determinative where defendants' motion for new trial was *sustained* and their counterclaim thereby was reinstated) that this is not a case in which plaintiff's claim and defendants' counterclaim could not "coexist in law," i. e., where proof of one necessarily would disprove the other [contrast Jameson v. Fox, 364 Mo. 237, 260 S.W.2d 507, 508, 58 A.L.R.2d 80]

and where a finding for plaintiff on its petition would compel a finding against defendants on their counterclaim. Contrast Willibald Schaefer Co. v. Blanton Co., Mo. App., 264 S.W.2d 920, 923; Hamilton Fire Ins. Co. v. Cervantes, Mo.App., 278 S.W.2d 20, 23.

Upon the record presently before us, defendants are entitled to the transfer which they request. Accordingly, their motion to transfer is sustained, and the clerk of this court is directed to transfer this cause forthwith [Section 477.080, RSMo 1949, 27 V.A.M.S.], together with a copy of this order, to the clerk of the Supreme Court of Missouri.

McDOWELL and RUARK, JJ., concur.